PATTERSON v. DIAZ et al.

(Circuit Court of Appeals, Fifth Circuit. February 9, 1920.)

No. 3382.

ADVERSE POSSESSION ☞48—ACTUAL POSSESSION NOT INTERRUPTED BY RECORDING DEED BY ADVERSE CLAIMANT.

Civ. Code Canal Zone, art. 2526, providing that "the acquisitive prescription of real property * * * does not obtain against a recorded title, except by virtue of another recorded title," does not give the mere recording of a deed by one claimant the effect of interrupting or rendering ineffective the actual possession of an adverse claimant, who holds under a previously recorded title.

Appeal from the District Court of the United States for the Canal Zone; William H. Jackson, Judge.

Suit in equity by Domingo Diaz and others against Guillermo Patterson. Decree for complainants, and defendant appeals. Reversed.

Edwin T. Merrick and Ralph Schwarz, both of New Orleans, La. (Merrick, Gensler & Schwarz, of New Orleans, La., on the brief), for appellant.

Harmodio Arias, of Panama, R. O. P., and Irvin R. Saal, of New Orleans, La. (Milling, Godchaux, Saal & Milling, of New Orleans, La., on the brief), for appellees.

Before WALKER, Circuit Judge, and GRUBB and CLAYTON, District Judges.

WALKER, Circuit Judge. The appellees (hereinafter referred to as the plaintiffs), claiming to be the owners of an estate known as Lo de Caceres, brought this suit in November, 1917, against the appellant (hereinafter referred to as the defendant), who, it was averred, claim-

ed to be the owner of the estate of Mata Redonda, which adjoins the first-mentioned estate on the west, and that he had an interest in and to a portion of described land in the Canal Zone which the plaintiffs' petition alleged was part of the Lo de Caceres estate. The petition prayed that the adverse claim asserted by the defendant be determined by the decree of the court, and that it be declared and adjudged that the plaintiffs are the owners of said described lands and are entitled to the possession thereof, and that the defendant has no estate or interest therein. There was a decree in favor of the plaintiffs, granting the relief prayed. The appeal is from that decree.

The claim asserted by the petition of the plaintiffs was based upon a chain of conveyances beginning with a grant by the Spanish crown in 1736 of the estate of Lo de Caceres. The petition did not assert the claim that the plaintiffs had acquired title by possession under claim of ownership. The defendant claimed under a chain of conveyances ending with one made to himself in 1891, and recorded in that year, and he also claimed the land in dispute by prescription or adverse possession. Several conveyances successively made to the defendant's predecessors in title, commencing with one made in 1859, described land included in that which was decreed to belong to the plaintiffs, and there was evidence tending to prove that for more than 30 years prior to the bringing of the suit land which was adjudged to the plaintiffs was continuously and adversely in the possession of the defendant and those under whom he claimed. There was no evidence to support a finding as to who was in possession of the land in dispute prior to 1869.

The opinion rendered by the trial judge shows that the decree in favor of the plaintiffs resulted from the conclusion that, under the following provision of the Civil Code of the Canal Zone, the recording in 1895 of the conveyances under which the plaintiffs' predecessor in title claimed had the effect, though neither such claimant nor any one claiming through him got possession of the land in dispute, of preventing the acquisition by the defendant of the ownership of such land by the continuance thereafter of the possession commenced by a predecessor of the defendant, to which the latter succeeded when the deed to him was made and recorded in 1891, and from which he was not ousted:

"Art. 2526. The acquisitive prescription of real property or of real rights constituted therein does not obtain against a recorded title, except by virtue of another recorded title, nor shall it begin to run but from the date of the record of the second."

That opinion, after making a statement of the contentions of the parties and expressing the conclusion from evidence adduced that the description contained in conveyances under which the plaintiffs claimed embraced the land in dispute, and after referring to the above-quoted provision of the Civil Code, concluded as follows:

"There does not seem to be any doubt whatever that the defendant had acquired by 1869 by prescription a portion of the lands purchased in 1832 by the plaintiffs' predecessors in interest. But the question to decide is whether the title so acquired continues to the present time. We find that the last record effected by or on behalf of the defendant with reference to the

lands in dispute took place in 1891. After that date neither the said defendant nor any one on his behalf has made any inscription on the public land registry that would affect the recorded possession of the lands claimed. On the other hand, we find that the plaintiffs by their predecessors in title reasserted their recorded possession of 1832, which they had lost by prescription, by means of the registration of the public sale of the estate of Lo de Caceres that took place in 1895. In this public sale the old line of Mocambo to the Mata Redonda is again restated. Hence the conflict between the two estates reappears from the said year of 1895. Furthermore, after that year, several sales of undivided interests in the estate of Lo de Caceres took place, and hence the corresponding inscriptions were affected, all of which show that public and open assertions of ownership, in the manner provided by law, were made by said plaintiffs or their predecessors in interest, in opposition to any and all claims of ownership of the defendant.

"The court, therefore, finds that, applying section 2526 above quoted, prescription began to run in 1895 as against the recorded possession of the defendant; that the defendant has not interrupted that prescription, inasmuch as he has no recorded title subsequent to 1891; and that, as more than ten years have elapsed since 1895, the plaintiffs have reacquired the lands in dispute. The plaintiffs are therefore entitled to a decree in accordance with the above findings."

In view of the above-mentioned condition of the evidence adduced, the quoted part of the court's opinion plainly indicates that the case was disposed of on the theory that, assuming, without determining from the evidence adduced, that the defendant and those through whom he claimed had continuous and uninterrupted possession under claim of ownership for the length of time required to confer title by prescription, that possession was ineffective in his behalf from the date of the recording of a deed describing the land, made by an adverse claimant to a third person, though neither the grantee in such deed nor any one through whom he claimed, or who claimed under him, acquired possession of any of the land described therein, and though the conveyances under which the defendant claimed were first recorded.

In behalf of the defendant it is contended that the court was in error in failing to apply the provision of section 40 of the Code of Civil Procedure of the Canal Zone, under which title to land is acquired by ten years' uninterrupted adverse possession under claim of ownership. The Code of which that provision is a part went into force on May 1, 1907. Section 37 of that Code, that being the first section of the chapter containing section 40, provides that:

"This chapter shall not apply * * * to cases wherein the right of action has already accrued."

As the right of action asserted in the instant case accrued before that Code went into force, section 40 of that Code is not applicable to this case. It is the previously existing law which is applicable.

The above-quoted provision of the Civil Code, which the court's opinion shows was relied on to support the conclusion reached, is to be interpreted in the light of other provisions of that Code, among them the following:

"Art. 2512. Prescription is a manner of acquiring the things of another, or of extinguishing another's actions or rights, by reason of having possessed the things and said actions and rights not having been exercised during a certain lapse of time, and with the attendance of the other legal requisites.

"An action or right prescribes when it is extinguished by prescription."

"Art. 2521. If a thing shall have been possessed successively and without interruption, by two or more persons, the time of the previous possessor may or may not be added to the time of the successor, according to the provisions of article 778.

"The possession begun by a deceased person continues in the vacant inheritance, which shall be understood to possess in the name of the heir."

"Art. 778. Whether one succeeds under a universal or singular title, the possession of the successor begins at the time thereof, unless he shall desire to add that of his predecessor to his own; but in such case he appropriates it together with its qualities and vices.

"One's own possession may be added in the same terms to that of an uninterrupted series of predecessors."

"Art. 2527. Acquisitive prescription is ordinary and extraordinary.

"Art. 2528. To acquire the ordinary prescription, a regular uninterrupted possession, during such time as the laws require, shall be necessary.

"Art. 2529. The time necessary for ordinary prescription is three years for movables, and ten years for real property. * * * "

"Art. 2531. The ownership of things in commerce, which shall not have been acquired by ordinary prescription, may be acquired by extraordinary prescription, under the following rules:

"1. For the extraordinary prescription no title whatsoever is necessary.

"2. Good faith is presumed therein of right notwithstanding the absence of a title acquisitive of ownership.

"3. But the existence of a title of mere possession, shall cause bad faith to be presumed and shall not produce the prescription, unless the following two circumstances be present:

"1. That he who claims to be the owner cannot prove that during the past thirty years his ownership shall have been acknowledged expressly or impliedly by the person pleading the prescription.

"2. That he who pleads the prescription shall prove that he has had possession without violence, concealment, or interruption for the same period of time.

"Art. 2532. The lapse of time necessary to acquire by this kind of prescription is thirty years against any person, and is not suspended in favor of those enumerated in article 2530."

"Art. 789. In order that registered possession may cease, it is necessary that the record be canceled, either by the will of the parties or by a new record in which the registered possessor transfers his right to another, or by judicial decree.

"As long as the record subsists, he who obtains the thing which is the subject-matter of the record, does not acquire the possession thereof nor does he put an end to the existing possession."

The language used in article 2526 does not indicate a purpose to give to the recording of a conveyance by and to parties who are strangers to the possession of the thing conveyed or purported to be conveyed the effect of preventing the acquisition of ownership by prescription by one remaining in possession under a previously recorded title. It does not purport to give to the mere recording of a deed to such an adverse claimant the effect of interrupting or rendering ineffective the actual possession of a stranger to such deed who holds under a previously recorded title. It does not make the effectiveness of an actually uninterrupted adverse possession dependent upon a re-recording of the title of the possessor which had already been recorded when an adverse claimant had recorded the instrument or instruments under which the latter claims. It does no more than require one record of the title under which the possessor claims to make his possession effective against a recorded title in favor of another. The provision

cannot be given the effect of requiring a possessor to have a title recorded to enable him to acquire ownership by extraordinary prescription. To do so would be in the teeth of the following provision of the above set out article 2531:

"For the extraordinary prescription no title whatsoever is necessary."

In view of the just-quoted explicit provision, it is to be inferred that the provision of article 2526 was intended to have reference only to the acquisition of ownership by ordinary prescription, and not to such acquisition by extraordinary prescription, by means of which a possessor having no title whatsoever may acquire ownership of the thing possessed for the required time. Furthermore, the deeds under which the defendant possessed and claimed land in dispute having already been recorded when the instruments under which the plaintiffs claimed were recorded, to give to the recording of the last-mentioned instruments, in the absence of a claimant thereunder acquiring possession, the effect of terminating the defendant's previously registered possession, is inconsistent with the provision of article 789, above set out. That provision stands in the way of a registered possession being terminated by the mere recording of a deed, not made by the possessor, to one who does not acquire possession. Possession being essential to the acquisition of ownership by prescription (article 2512, supra), there is no basis in law for the conclusion that the mere lapse of time from the date of the record of a deed by and to parties out of possession can have the effect of conferring ownership by prescription on the grantee in such deed.

It appears from the record that the decree appealed from was based upon the conclusion that the plaintiffs had acquired by prescription the ownership of the land sued for, without that land having been possessed by them or by any one through whom they claimed, and though their petition did not assert the claim that they were by prescription entitled to that land. The court erred in so concluding.

What has been said indicates the grounds which are deemed to support the conclusion reached that the case was disposed of on a theory inconsistent with the law applicable to the facts disclosed by the pleadings and the evidence adduced. There was conflicting oral testimony as to the possession of the land in dispute. There was such evidence tending to prove that the defendant and those to whose rights he succeeded were, for more than 30 years immediately preceding the bringing of the suit, continuously and uninterruptedly in possession under claims of ownership of land which the decree appealed from adjudged to the plaintiffs. If that evidence was such as to require a finding in accordance with it, a result would be that the defendant was entitled by prescription to disputed land so possessed. There was no finding for or against what that evidence tended to prove. Such evidence, and that in conflict with it, can be weighed by the trial court better than by this court. A good deal of the oral testimony, as it is disclosed by the record before us, is unintelligible, because nothing in the record, including the maps which have been made a part of it, enables us to determine the location of places and objects mentioned by witnesses. The proper determination of issues of facts presented calls

for the weighing of oral testimony by the tribunal before which that testimony was given. The record discloses that, in consequence of a misconception of what is the law applicable to the case, this was not done in the trial now under review.

For the reasons indicated, the conclusion is that this court, without undertaking to pass on the conflicting evidence, should reverse the decree and remand the cause for further proceedings not inconsistent with this opinion; and it is so ordered.

Reversed.