### DIAZ A. et al. v. PATTERSON.

(Circuit Court of Appeals, Fifth Circuit. May 10, 1922.)

. No. 3835.

Adverse possession ⬤⇒48—Not interrupted by recording of deed by adverse claimant.

Mere recording of a deed by one claimant does not interrupt the actual possession of an adverse claimant under a previously recorded title.

Appeal from the District Court of the United States for the Canal Zone; John W. Hanan, Judge.

Suit in equity by Domingo Diaz A. and others against Guillermo Patterson. Decree for defendant, and complainants appeal. Affirmed.

Harry P. Gamble and Harry McEnerny, Jr., both of New Orleans, La., and William H. Jackson, of New York City, for appellants.

Wm. C. MacIntyre, of Ancon, Canal Zone, and Edwin T. Merrick and Ralph J. Schwarz, both of New Orleans, La. (Todd & MacIntyre, of Cristobal, Canal Zone, and Merrick, Gensler & Schwartz, of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN and KING, Circuit Judges.

BRYAN, Circuit Judge. The case is fully stated in 262 Fed. 899, upon a former appeal. There a decree in favor of the original plaintiffs and present appellants was reversed, and the case remanded for findings upon the evidence as to possession of the land is dispute.

Upon the evidence then in the record, and upon additional evidence taken since, the trial court has found that the original defendant Patterson, appellee here, has been in actual adverse possession for more than 30 years, and, further, that appellants have never been in possession of the lands in dispute. The court also finds as a fact that appellee established record title.

Appellants do not assign error upon the finding that record title is in appellee, nor is it seriously contended that there was not testimony to support the other findings of fact. Some contention is made as to the credibility of witnesses for appellants, but the District Judge heard the witnesses testify, and also viewed the lands. There is abundant

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

evidence to support the finding of fact as to appellee's possession, but no useful purpose would be served by setting it forth.

The principal argument for reversal of the decree below is upon the question of law decided upon the former appeal. It is again argued that the mere recording of a deed by one claimant interrupts the actual possession of an adverse claimant under a previously recorded title. We are convinced that this is not the law, and adhere to our former opinion.

The decree is affirmed.