## PACIFIC AMERICAN FISHERIES v. HOOF. *

### (Circuit Court of Appeals, Ninth Circuit.  July 2, 1923.)

### No. 3992.

1. **Appeal and error** ☞996, 1011(1)—**Findings not disturbed except for manifest error, and reference by court to inferences does not change rule.**

   An appellate court will not disturb the findings of the trial court on conflicting testimony taken in open court except for manifest error, and the conclusive effect of such findings is not affected by the reference of the court to inferences drawn by it from circumstances adduced.

2. **Master and servant** ☞103(1)—**Master's duty nondelegable.**

   The duty of the master to provide for his servant a safe working place and safe appliances is positive and continuing and cannot be delegated.

3. **Master and servant** ☞185(6)—**Master liable for injury by appliances rendered unsafe by act of fellow servant.**

   When the working place and appliances are unsafe, it is no defense for the master to say that they were rendered unsafe at some previous time by the act of another servant.

4. **Master and servant** ☞125(6)—**Master charged with notice of defects discoverable by reasonable care.**

   Notice to the master of defects and dangers in the working place and appliances furnished his servants will be imputed, where discoverable by reasonable inspection and the exercise of reasonable care.

5. **Appeal and error** ☞1097(1)—**Prior determination in same case does not preclude giving effect to controlling decisions of other courts on subsequent review.**

   The determination of questions on former writ of error in the same case is the law of the case both for the trial court and the appellate court, but this rule does not preclude the appellate court from giving effect to later controlling decisions of the United States Supreme Court, or of the courts of a state whose settled decisions are the rule of law for the federal courts of that district.

6. **Admiralty** ☞20—**Jurisdiction of tort not affected by state workmen's compensation laws.**

   Laws Wash. 1919, p. 135, § 2, as construed by the state courts, does not encroach upon admiralty jurisdiction, but if the employee who otherwise would be subject to the compensation act has a remedy under the admiralty law, the compensation act does not apply to him, his employer, his remedy, or his right of action.

7. **Courts** ☞366(1)—**State decisions controlling on federal courts where no federal question involved.**

   The decisions of the court of last resort of a state construing the statutes of such state, whether right or wrong, are controlling upon the federal courts where no federal question is involved.

8. **Seamen** ☞2—**Watchman on vessel under construction not "seaman" limited to wages, maintenance, and cure.**

   A watchman employed on a vessel under construction, and though launched, not completed, is not a "seaman" within the rule that his recovery for injuries is limited to wages, maintenance, and cure.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seaman.]

9. **Seamen** ☞29(1)—**Ship and owner liable to indemnity for injuries caused by unseaworthiness or failure to maintain appliances.**

   A vessel and her owner both by English and American law are liable to indemnity for injuries received by seamen in consequence of the ship's

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 38, 68 L. Ed. —.

unseaworthiness or failure to supply and keep in order the proper appliances appurtenant to the ship.

10. Seamen ⊙══29(5)—Liability for failure to maintain proper appliances appurtenant to vessel not limited to wages, maintenance, and cure.

    The liability of a vessel and her owner for injuries received by a seaman or other employee on a vessel under construction, caused by failure to furnish and keep in order proper appliances appurtenant to the ship, is not limited to the payment of wages, maintenance, and cure.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Libel in admiralty by Emil Hoof against the Pacific American Fisheries. Decree for libelant (284 Fed. 174), and respondent appeals. Affirmed.

This was an action to recover damages for personal injuries. At the time of the accident the plaintiff was in the employ of the defendant as watchman on the steamer Cleo, then under construction. But while the vessel was still in course of construction she had been launched and was afloat in navigable waters. As the plaintiff was making his rounds as watchman on a dark and rainy night, he attempted to descend a ladder leading from one deck to another, and, as he did so, the ladder slipped and fell, precipitating him to the deck below, and causing the injuries complained of. The action was originally commenced as a common-law action in the state court, but was removed to the federal court on petition of the defendant on the ground of diversity of citizenship. After the removal a demurrer to the complaint was sustained for the reason that the right of action, if any, had been taken away by the Workmen's Compensation Act of the state. The judgment of dismissal was reversed by this court upon the ground that the complaint stated a cause of action in personam in admiralty (Hoof v. Pacific American Fisheries [C. C. A.] 279 Fed. 367), and upon remand the case was transferred from the law side to the admiralty side for trial. Upon final hearing the court found "that the steps were substantially fastened at the time the ship was launched by cleats, and if fastened at the top and bottom the steps could not have fallen; and that the steps were not changed from the launching to the day of the accident. On the day of the accident the main deck was calked and oiled and the cleats on the main deck at the foot of the ladder were removed while calking and oiling the deck and the steps were replaced without fastening the cleats to the deck and without fastening the steps at the top. The plaintiff was not advised of the changed condition of the steps." A decree was accordingly entered in favor of the libelant for the sum of $4,000, from which this appeal is prosecuted.

Evan S. McCord and Stephen V. Carey, both of Seattle, Wash., for appellant.

Thos. R. Waters and Gomer Thomas, both of Bellingham, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). In support of the appeal it is claimed: First, that the evidence is insufficient to support the finding of negligence. Second, that the negligence, if any, was the negligence of a fellow servant. Third, that the court below was without jurisdiction because of the Workmen's Compensation Act of the state (Laws 1911, p. 345); and, fourth, that

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

if the appellee is entitled to recover at all, his recovery should be limited to wages, maintenance, and cure.

[1] In cases of this kind the rule is well settled that an appellate court will not disturb the findings of the trial court based on conflicting testimony taken in open court except for manifest error. That there was conflicting testimony here does not admit of serious question. But the court prefaced its general findings with the statement, "I think it is established by positive testimony and inferences from circumstances adduced," and complaint is made of the use of the expression "inferences from circumstances adduced." What circumstances the court had in mind we are not advised. Perhaps it was the undisputed fact that a ladder such as this will not ordinarily slip and fall if properly installed and maintained and other circumstances in the case; but whatever the allusion, it does not impair or lessen the effect of the general finding on the question of negligence.

[2-4] The court held that the fellow-servant doctrine had no application to the case for two reasons: First, because the watchman and the painters and calkers had nothing in common and were not engaged in the same general enterprise; and, second, because the master failed to furnish and provide a reasonably safe working place. Whether a watchman and a painter and calker in the employ of the same master on board the same vessel are not fellow servants under the federal rule may admit of question, but the decree can be upheld on the second ground alone. The duty of the master to provide a safe working place and safe appliances is a positive and continuing one, and cannot be delegated. It was claimed on the trial that it was the duty of the appellee to inspect the ladder in question, but the court below found otherwise, and of that finding there is no complaint. If that duty did not devolve upon the appellee, it devolved upon some one else, and whoever discharged that duty represented the master, and his negligence was the negligence of the master. When the working place and appliances are unsafe, it is no answer to say that they were rendered unsafe at some previous time by the act of another servant. As already stated, the duty is a continuing one, and notice of defects and dangers will be imputed to the master where they could have been discovered by reasonable inspection and by the exercise of reasonable care.

On the former writ of error it was conceded that the state Compensation Act, abolishing the jurisdiction of courts and all rights of action for personal injuries in certain cases, does not extend to maritime torts, for which a remedy is given in admiralty; but it was there earnestly maintained by the defendant in error that this was not a maritime tort, that a court of admiralty was without jurisdiction, and that the Compensation Act therefore applied and took away all remedy except the special remedy therein provided. We there held that there was a remedy in admiralty, and that ruling is sustained by many recent decisions of the Supreme Court. Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; S. P. Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Grant-

Smith Porter Ship Co. v. Rohde, 257 U. S. 469, 42 Sup. Ct. 157, 66 L. Ed. 321; State Industrial Commission v. Nordenholt Corporation, 259 U. S. 263, 42 Sup. Ct. 473, 66 L. Ed. 933 (decided May 29, 1922); Great Lakes Dredge & Dock Co. v. Kierejewski, 43 Sup. Ct. 418, 67 L. Ed. —— (decided April 9, 1923).

[5] The questions determined on the former writ of error have become the law of the case for the court below and for this court. Roberts v. Cooper, 20 How. 467, 481, 15 L. Ed. 969; Standard Sewing Mach. Co. v. Leslie, 118 Fed. 557, 55 C. C. A. 323. This rule, however, does not preclude us from giving effect to later controlling decisions of the Supreme Court of the United States or of the state in a proper case. Messinger v. Anderson, 225 U. S. 436, 444, 32 Sup. Ct. 739, 56 L. Ed. 1152. And in this connection our attention has been called to State Industrial Insurance Commission v. Nordenholt Corporation, supra, decided since this case was remanded to the court below. The conflict between the two cases is not apparent. The claim of conflict between the Washington Compensation Act and the admiralty law is based upon a misapprehension as to the scope and effect of the Compensation Act. In the Rohde Case the Supreme Court said:

"The injury was suffered within a state whose positive enactment prescribed an exclusive remedy therefor. And as both parties had accepted and proceeded under the statute by making payments to the industrial accident fund it cannot properly be said that they consciously contracted with each other in contemplation of the general system of maritime law. * * *

"Under such circumstances regulation of the rights, obligations and consequent liabilities of the parties, as between themselves, by local rule would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations."

But the Washington law does not prescribe an exclusive remedy or any remedy whatever in cases such as this. The Supreme Court of that state has repeatedly and consistently held that its compensation law does not encroach upon the admiralty jurisdiction, and that where a party has a remedy in admiralty the compensation act has no application to him, his right of action, or his remedy. Thus in State v. Daggett, 87 Wash. 253, 151 Pac. 648, L. R. A. 1916A, 446, one Jarvis applied to the Supreme Court for a writ of mandate to compel members of the State Industrial Insurance Commission to make a demand upon certain navigation companies for a percentage of their pay rolls in accordance with the schedule of rates prescribed by the Compensation Act; but the court denied the writ, saying, among other things:

"The petitioner here still has the right to pursue his remedy in admiralty. Gathering the purposes of the act from all its provisions, we think it could not have been the legislative intent to attempt to encroach upon the admiralty jurisdiction of the federal court."

In Shaughnessy v. Northland S. S. Co., 94 Wash. 325, 162 Pac. 546, Ann. Cas. 1918B, 655, an action at law was brought to recover damages for personal injuries received by the plaintiff while unloading a vessel on navigable waters. A recovery was sustained by the

Supreme Court of the state, and in answer to the contention that the right of action was abolished by the Compensation Act, the court quoted section 27 of the act as follows:

"If any employer shall be adjudicated to be outside the lawful scope of this act, the act shall not apply to him or his workmen. * * *"

And said:

"If our decision in the Jarvis Case is to remain as a correct exposition of the law in so far as therein discussed, the last-quoted paragraph from section 27 of the act seems to render it quite plain that both appellant and respondent are 'outside the lawful scope of this act,' that none of the rights of either of them are in the least changed or lessened by its provisions, and that their rights and remedies remain unimpaired as if the act had never become the law of this state."

See, also, State v. W. C. Dawson & Co. (Wash.) 211 Pac. 724, holding that the state Compensation Act has no application to an employer engaged in the business of stevedoring. This latter decision is based upon a recent statute of the state providing as follows:

"The provisions of this act [the Workman's Compensation Act] shall apply to employers and workmen engaged in maritime works or occupations only in cases where and to the extent that the pay roll of such workmen may and shall be clearly separable and distinguishable from the pay roll of workmen employed under circumstances in which a liability now exists or may hereafter exist in the courts of admiralty of the United States. * * *"    Section 2, c. 67, Laws of 1919.

[6, 7] It will thus be seen that by judicial construction and express legislative enactment the Washington Compensation Act does not encroach upon admiralty jurisdiction; that the former ends where the latter begins; and that if a party has a remedy in admiralty the Compensation Act does not apply to him, his employer, his remedy, or his right of action. But it is said that the decisions of the Washington Supreme Court are in conflict with the decision of the Supreme Court in State Industrial Commission v. Nordenholt Corporation, supra. While we have no jurisdiction to review the decisions of the Washington Supreme Court, there seems to be no conflict between the two cases. In the Industrial Insurance Commission Case the Supreme Court held that the courts of New York had proceeded upon an erroneous view of the federal law by applying a rule applicable only to torts committed upon navigable waters to torts committed upon land. No such contention can be made as to the decisions of the Washington Supreme Court. These decisions rest entirely upon the construction of a state statute, and that construction, whether right or wrong, is controlling upon the federal courts where no federal question is involved.

On the former writ of error we said:

"It seems clear that the Workmen's Compensation Act of the state of Washington * * * has taken away from the plaintiff his common-law right of action."

While that question is not involved on the present appeal, to avoid future misunderstandings we ought to say, perhaps, that that part of the decision is not in harmony with the decisions of the Supreme Court

of the state. True, it was so decided by the District Court, in Stoll v. Pacific Coast S. S. Co., 205 Fed. 169, before the act had been construed by the Supreme Court of the state, but the latter court expressly refused to follow that decision in the Shaughnessy Case, supra, and upheld the right of recovery in a common-law action for reasons heretofore stated.

[8-10] The contention that the recovery must be limited to wages, maintenance, and cure cannot be sustained. In the first place, we do not think that a watchman on a vessel under construction is a seaman within the meaning of that rule. But, in any event, as stated in the Osceola Case, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760:

"The vessel and her owner are, both by English and American law, liable to an indemnity for injuries received by seamen in consequence of the unseaworthiness of the ship, or a failure to supply and keep in order the proper appliances appurtenant to the ship."

The term "unseaworthy" may have little application to a vessel under construction, but there was here a failure to supply and keep in order the proper appliances appurtenant to the ship, and in such cases the recovery is not limited to wages, maintenance, and cure.

We find no error in the record, and the decree of the court below is affirmed.