LEWIS N. ROSENBAUM, Appellant, *v.* WILLIAM O. MANSON, the Name " WILLIAM " Being Fictitious, etc., Respondent.

Second Department, October 11, 1923. .

**Removal of causes — action to vacate approval of bond on removal of cause to Federal court, Western District of Texas — appeal — record insufficient for failure to include all papers — appeal not dismissed where only question is power to remove to wrong district — State court has no power to vacate approval of bond after record is filed in Federal court, though cause is removed to wrong district.**

The record on appeal from an order denying plaintiff's application to revoke and vacate the approval of a bond, presented on defendant's application to remove the action from the State court to the United States District Court for the Western District of Texas, is defective where the printed papers do not include the summons and complaint, the petition for removal, the bond, notice of filing petition and bond, and notice of filing the record in the office of the clerk of the United States District Court.

But inasmuch as the sole question raised on this appeal is the power of a State court to remove a cause to any United States District Court other than to the District Court in the district where the cause is pending and the power of the court, where such removal has been made. to vacate the approval of the bond, the appeal will not be dismissed although the record is defective.

Where the State court mistakenly accepts a petition for removal of a cause to an improper district of the United States District Court, and mistakenly approves a bond conditioned for the removal of the cause to that improper district, and where despite notice of the filing of the petition and the approval of the bond no objection is made by the plaintiff for more than three months after the record is filed in the office of the clerk of the Federal District Court to which the cause is removed, the State court is without jurisdiction to revoke and vacate the approval of the bond, and the question of whether or not the cause should be remanded, for the reason that it was removed to the wrong court, must be determined by the Federal court.

Appeal by the plaintiff, Lewis N. Rosenbaum, from an order made by one of the justices of the Supreme Court, entered in the office of the clerk of the county of Kings on the 8th day of June, 1923, denying plaintiff's application to revoke and vacate his approval of a bond presented to said justice on January 30, 1923, on defendant's application to remove this action to the United States District Court for the El Paso Division, Western District of Texas.

*Louis Karasik,* for the appellant.

*Emerson F. Davis* [*Daniel S. Murphy* with him on the brief], for the respondent.

Kelly, P. J.:

Original jurisdiction in suits between citizens of different States where the matter in controversy exceeds, exclusive of interest and costs, $3,000 is vested in the District Courts of the United States. (U. S. Judicial Code [36 U. S. Stat. at Large, 1091], chap. 2, § 24 subd. 1.)   Any suit of a civil nature at law or in equity brought in a State court may be removed " into the District Court of the United States for the proper district " by the defendant being non-resident of the State in which the suit is pending.   (U. S. Judicial Code [36 id. 1094], chap. 3, § 28.)   " The Legislature or the judiciary of a State can neither defeat the right given by a constitutional act of Congress to remove a case from a court of the State into the Circuit Court of the United States, nor limit the effect of such removal." (*Goldey* v. *Morning News,* 156 U. S. 518, 523.)   It is provided in the United States Judicial Code (36 id. 1095, chap. 3, § 29) that whenever a party entitled to remove any suit may desire to so remove it, " he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit *into the District Court to be held in the district where such suit is pending* [Italics mine], and shall make and file therewith a bond, with good and sufficient surety,

for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto   *   *   *.   It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit.   Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

There is a motion pending in this court to dismiss this appeal on the ground that the printed papers do not include the summons and complaint, the petition for removal, the bond, notice of filing petition and bond and notice of filing the record in the office of the clerk of the United States District Court.   The defendant, respondent, moved to resettle the order appealed from, which was prepared by plaintiff's attorney.   What became of that application does not appear.   The defendant's attorney makes affidavit that prior to making formal application for resettlement he called the attention of the justice who made the order to the omission of the recital of these papers in his order, but the judge felt that the errors were not prejudicial and would be cared for in the printed papers on appeal, and, therefore, application for resettlement was not made.   I think that the printed record should contain the papers mentioned by defendant, respondent.

But the plaintiff's attorney says in his affidavit in opposition to the motion to dismiss: " Upon this appeal no question is raised as to the regularity of the procedure or the sufficiency of the papers employed by the defendant upon the application for removal, but that the only point raised is that the court below could not have directed a removal to any United States District Court, other than for the Eastern District of New York."   Therefore, while I think the record is defective, there is no necessity of dismissing the appeal.

The petition for removal to the United States court for the El Paso Division, Western District of Texas, with a bond on said removal, was presented on January 30, 1923.   The bond was approved on February 7, 1923.   This was an inadvertence on the part of the learned judge.   He should have declined to approve the bond because it was sought to remove the suit to the Western District of Texas instead of the Eastern District of New York. But the bond was approved, and the petition and bond were filed in the office of the clerk of Kings county on February 15, 1923. Notice of filing was given to the plaintiff on the same day.   A certified copy of the record was filed in the office of the clerk of

the United States District Court in Texas, on February 28, 1923, and notice of such filing given to plaintiff on March 10, 1923.

It will be perceived that although the plaintiff was notified of the intended removal of the cause to Texas and approval of the bond on February 15, 1923, he made no objection or application to recall the approval, and the motion to vacate the approval was not made until May 29, 1923, three months after the record had been filed in the office of the clerk of the District Court in Texas.

Under these circumstances, had the judge any jurisdiction of the case so that he might grant plaintiff's application and vacate his approval of the bond? I think not. The right of removal was from the State court to the Federal court. Original jurisdiction of the action, viz., a controversy between citizens of different States was vested in the Federal District Courts by the act of Congress (U. S. Judicial Code, § 24, subd. 1, *supra*). The suit commenced in the State court was removable to the United States District Court, in the proper district to be sure, and the petition should have been for removal to the District Court in the district where such suit was pending (U. S. Judicial Code, § 29), which was the Eastern District of New York, but where the State court mistakenly accepted a petition for removal to an improper district and mistakenly approved a bond conditioned for removal of the cause to that improper district, and where, despite notice of the filing of the petition and the approval, no objection was made, and thereafter the record was filed in the Federal court, it seems to me that the prohibition of the act of Congress became effective. The cause has been removed from the State court to the Federal court. The State court shall " proceed no further in such suit."

The United States Judicial Code expressly provides for applications to remand the cause to the State court, but such procedure is to be had in the Federal court. The bond given on the removal is conditioned for payment of costs " that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto." Judge Adams, writing for the Circuit Court of Appeals, Eighth Circuit, said: " Such a petition presents for the consideration of the State court a question of law only, whether, assuming the facts stated in the petition to be true, the face of the record discloses a removable cause under the law. When the right of removal is made to depend upon the existence of certain facts, they must be taken by the State court to be true as averred in the petition. If it is desired to controvert such facts or any of them, the plaintiff must make an issue with respect to them in the Federal court, and that issue must be tried in that court." (*Donovan* v. *Wells, Fargo & Co.*, 94 C. C. A. 609.) It is

provided in section 37 of the United States Judical Code (36 U. S. Stat. at Large, 1098) that if at any time after removal it shall appear to the satisfaction of the District Court that the suit does not really and substantially involve a dispute properly within the jurisdiction of said District Court, the District Court shall dismiss the suit or remand it. Section 38 of said Code (Id. 1098, 1099) provides that in all suits removed under the provisions of the chapter, the District Court shall proceed as if the suit had been originally commenced in the District Court and the same proceedings had as shall have been had in the State court prior to the removal. By section 39 of said Code (Id. 1099), if the clerk of the State court shall refuse to furnish a copy of the record in removable cases after tender of fees, he is made subject after conviction in the District Court to a fine of not more than $1,000 or to imprisonment for not to exceed one year, or to both, and the District Court is empowered to issue a writ of certiorari to the State court commanding the State court to make return of the record.

The respondent cites an opinion by Mr. Justice GREENBAUM at Special Term, New York county, in 1915 (*Phillips* v. *Johnson*, N. Y. L. J. June 16, 1915), where that learned judge, commenting upon the danger of conflict of jurisdiction, said: " I am also of opinion that there is no necessity for the court entering any formal order in the matter. The only duty required of the court under the language of the section is ' to accept the petition and approve the bond and to proceed no further in such suit.' It is clear that upon the court's approval of the bond it becomes the duty of the clerk of this court to accept the petition and the bond and to file them. The practice here outlined is in entire harmony with the subsequent procedure that may be pursued by the adverse party if he deem himself aggrieved by moving for a remand of the cause. This has heretofore been well-settled practice, and I see no reason for having a hearing in this court as upon a contested motion and thus subjecting the parties to a possible similar hearing in the Federal court. The order will not be signed, but the bond will be approved."

Therefore, conceding all that the appellant says in his points as to the impropriety of the approval of the bond and conceding that the cause was removable to the Federal court in the Eastern District of New York and not to the Federal court in Texas, I am of opinion that the case being removable, it was removed from the State court by the approval of the bond and the filing of the petition and bond with the clerk of Kings county and the subsequent filing of the record with the Federal court in Texas. I think the judge had the necessary jurisdiction to approve the bond, and that the matter of remanding it to the proper district is for the Federal court.

It is a hard case for the plaintiff, but largely brought about by his failure to act promptly when served with the notice of removal in February, 1923.

The order should be affirmed, with ten dollars costs and disbursements.

RICH, MANNING, KELBY and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.