## DOMINGO DIAZ A., ET AL. *v.* PATTERSON.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
FIFTH CIRCUIT.

No. 113. Argued November 28, 1923.—Decided December 10, 1923.

1. Owners of a registered title to land in the Canal Zone who are in possession and have maintained it for the period of extraordinary prescription (Civ. Code, Art. 2531,) cannot be disseized and deprived of the property by the mere registration of what purports to be a conveyance by a stranger to the title and subsequent lapse of the ten year period of ordinary prescription. Civ. Code, Art. 2526. P. 400.
2. Reasons for following local decisions in Porto Rico, with its own peculiar system of law, do not apply in the same degree to the Panama Code in its present application to the Canal Zone. P. 402.
3. A decision of the Circuit Court of Appeals reversing a decree of the Court of the Canal Zone, held not *res judicata* on second appeal to the former court or on review of its final decision here. P. 402.
4. Failure of the court to order notice to unknown claimants in a suit over title to land will not avail a plaintiff who fails to establish any title or interest in himself. P. 402.

281 Fed. 394, affirmed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decree recovered by the defendant, here appellee, in a suit brought by the appellants in the United States Court for the Canal Zone to confirm their title to a tract of land and, later, to the money for which it was expropriated by the United States.

---

*Mr. William H. Jackson* for appellants.

*Mr. Edwin T. Merrick,* with whom *Mr. Ralph J. Schwartz* was on the briefs, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by the heirs and representatives of Domingo Diaz against Patterson alleging their possession of an estate known as Lo de Caceres in the Canal Zone and an adverse claim set up by Patterson. It prays that the petitioners may be confirmed in their title and, by an amendment, that all parties claiming any interest in the land may be summoned to appear in this case and that the petitioners may be declared entitled to a fund deposited in the registry of the Court, since this suit was begun, upon expropriation of the land by the United States. At the first trial the petitioners obtained a decree, but as material questions of fact had not been decided by the Judge the decree was reversed by the Circuit Court of Appeals. 262 Fed. 899. At the second trial there was a careful finding of facts and a decree for the defendant, Patterson, which was affirmed by the Circuit Court of Appeals. 281 Fed. 394. The petitioners appealed to this Court and contend that they have been denied rights conferred upon them by the laws of the Canal Zone.

The trial Court and the Circuit Court of Appeals have found that the defendant has established recorded title to the land by an unbroken chain from the original grant from the Spanish Crown in 1695, and also that he and his predecessors have held open, uninterrupted, and notorious possession of the same since 1790. These findings we shall not disturb. The facts relied upon by the petitioners are that there was a sale in 1832, afterwards set aside, purporting to convey the land; that the heir of the grantee made a simulated sale to herself, and that this

fictitious title was recorded in 1895, although none of the grantees ever was in possession at any time, or brought any action until 1917, in which year the present suit was begun. The ground of this extraordinary claim is found in Art. 2526 of the Civil Code of Panama. " The acquisitive prescription of real property or of real rights constituted therein does not obtain against a recorded title, except by virtue of another recorded title, nor shall it begin to run but from the date of the record of the second." The petitioners contend that the effect of this Article is that the mere recording of what purports to be a conveyance by a stranger to the title who is and remains out of possession, will give to the grantee a good title by what is called the ordinary prescription of ten years, Art. 2529, notwithstanding the requirement of regular uninterrupted possession for that result in Art. 2528. It is argued that constructive possession follows the record and is enough, and it is supposed that this transaction will defeat the previous registered possession and title by ordinary prescription although by Art. 789 that possession does not cease until the record is cancelled, by consent, or by a transfer from the registered possessor, or by a judicial decree. It is supposed also to destroy a title complete by the extraordinary prescription of thirty years to which " no title whatsoever is necessary " Art. 2531.

The effect attributed to Art. 2526 depends in part upon its operation after the Canal Zone was taken over by the United States as the ten years had not run when the Zone was transferred. It would be extreme to construe the article as meaning something different now from what it would have meant before the transfer. Taking it simply as a law of the United States we should see no reason for attributing to it the unjust operation contended for. It is not necessary to consider what such a registration might do in the way of interrupting a pre-

scription not yet complete, but we see no sufficient ground for converting it into a disseizin when the previous owners maintain their possession undisturbed under a registered title in favor of which prescription already has run. If we recur to the origin of the law we do not believe that a different view would be taken in Panama. But the considerations that have been urged for following local decisions in places like Porto Rico having their own peculiar system, do not apply in the same degree to a code that in its present application governs a predominantly American population and derives its force from Congress and the President. *Panama R. R. Co.* v. *Bosse,* 249 U. S. 41. The opinion of the Circuit Court of Appeals on the first appeal was not *res judicata* or conclusive here, as the defendant seems to suppose, *Remington* v. *Central Pacific R. R. Co.,* 198 U. S. 95, 99, 100; *Messenger* v. *Anderson,* 225 U. S. 436, 444; but we are of opinion that upon the question before us it was right.

The petitioners attempt to fortify their case by the absence of an order calling upon the rest of the world to come in and assert whatever claim anyone may have to the fund in the registry of the Court. The purpose of the suit was to remove Patterson's claim to the land. He alone was made a party. It does not concern the petitioners after their failure to establish either possession or title, whether some third person has a better title than Patterson or what precautions the Court shall take before giving him the fund that has taken the place of the land.

The record is at once defective and unduly prolix, and this and other considerations perhaps might have warranted a dismissal of the appeal. But as both parties desired a decision upon the merits and as the costs will fall upon the appellants we have thought it better to indicate our opinion that the reasons for the appeal are untenable and that the decree should be affirmed.

*Decree affirmed.*