HIGGINS et al. v. CALIFORNIA PRUNE & APRICOT GROWER, Inc.

(Circuit Court of Appeals, Second Circuit. November 3, 1924.)

No. 33.

1. Courts ⊗═508(1)—Defendant cannot remove cause for the purpose of enjoining further proceedings therein.

The prohibition of Judicial Code, § 265 (Comp. St. § 1242), against the granting by a federal court of an injunction to stay proceedings in a state court, cannot be evaded by the filing of removal papers by a defendant, and then by injunction staying further proceedings in the federal court, if the cause be in fact not removable.

2. Appeal and error ⊗═1097(2)—Appellate court may reverse former decision establishing the law of the case.

The rule of the "law of the case" does not rigidly bind a court to its former decisions, but is only addressed to its good sense, and an appellate court may change a ruling, made on a prior appeal in the same case, to conform to a subsequent decision of the United States Supreme Court.

Appeal from the District Court of the United States for the Southern District of New York.

Ancillary bill in equity by William A. Higgins and Edmund S. Higgins against the California Prune and Apricot Grower, Inc. From a decree granting an injunction, defendant appeals. Reversed. For prior opinion, see 282 F. 550.

Pitkin & Rosensohn, of New York City (David L. Levy, of San Francisco, Cal., of counsel), for appellant.

Myers & Goldsmith, of New York City (Norman M. Behr, of New York City, of counsel), for appellees.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge. On the former hearing (282 F. 550) this court reversed a decree dismissing the bill on its face, and sent the cause back for a hearing, whence it now comes after decree for the plaintiff in accordance with our decision. Meanwhile the Supreme Court has decided the case of Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, holding that in circumstances like those at bar a federal court has no right, in the face of section 265 of the Judicial Code (Comp. St. § 1242), to enjoin an action in the state court. The District Court declined to consider the effect of that decision, feeling bound by the mandate of this court, rightly, as we think. If, however, we are free to reconsider our earlier decision at all, there would seem to be no question of our duty to follow the later decision of the Supreme Court. We think we are so free, but before giving our reasons we must take up a distinction urged by the appellees. They argue that when the bill at bar was filed there was no cause pending in a state court, and that therefore section 265 did not apply. The facts are as follows:

The appellant brought its first action at law against the appellees in the United States District Court for the Southern District of New York on December 20, 1920, which still remains pending and is called "Action No. 1." On June 24, 1921, it brought a second action in the same court, still pending, called "Action No. 2." On March 6, 1922, it brought a third action in the United States District Court for the Southern District of California, which, however, it dismissed on April 7, 1922. On March 15, 1922, it filed a complaint, "Action No. 4," in the United States District Court for the Northern District of California, secured the issuance of a summons, and got an order for the examination of one of the appellees. The appellees were never served with process, and the action remains as it stood originally. On the same day, March 15, 1922, the appellant commenced a fifth action, "Action No. 5," in the superior court of the state of California for the county of Los Angeles and served the summons upon one of the appellees. On March 19, 1922, the appellees, the defendants in "Action No. 5," served notice of the filing of a petition and bond for removal of that action to the United States District Court for the Northern District of California, and on April 10, 1922, entered an order in the

3 F.(2d)—57

state court purporting to remove the case to that district.

On April 1, 1922, the United States District Court for the Southern District of New York, upon this bill and certain affidavits, enjoined the appellant from prosecuting the California actions in the District Court. The equity of the bill, which is ancillary to actions No. 1 and No. 2, is that all the five actions at law were upon the same cause of action—i. e., contract—and that the plaintiffs in the bill should not be harassed by a multiplication of suits. On return of the rule nisi on April 26, 1922, the District Court vacated the preliminary injunction and dismissed the bill. Meanwhile the time within which the defendants in "Action No. 5" could have removed that cause to the United States District Court for the Southern District of California had expired.

The question is whether "Action No. 5" had ever been removed from the state court in such sense that section 265 of the Judicial Code did not apply. Section 28 (Comp. St. § 1010) provides that in cases of diverse citizenship, of which this was one, the cause may be removed to the District Court for the "proper district," and section 29 (Comp. St. § 1011) provides that in cases of removal the papers must be filed in "the district where such suit is pending." The District Courts had differed in their interpretation of the phrase, "the proper district," but the question has been authoritatively set at rest by the Supreme Court which in Lee v. Chesapeake & Ohio Ry. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443, determined that the "proper district" of section 28 is "the district where the suit is pending" of section 29.

The appellees, nevertheless, insist that a cause wrongfully removed is de facto in the federal court, and therefore that "Action No. 5" was not in the superior court of California when this bill was filed. In consequence section 265 does not apply. In Ex parte State Insurance Co., 18 Wall. 417, 21 L. Ed. 904, it is true that an order of removal under similar circumstances was spoken of as "void," but the remark was obiter. In Rosenbaum v. Manson, 206 App. Div. 384, 201 N. Y. S. 426, the Appellate Division for the Second Department in a similar case declined to vacate the erroneous approval of a removal bond, which had been made by a judge of the state court, on the ground that section 29 says that when the petition and bond are filed the state court must accept them "and proceed no further in such suit." We have no disposi-

tion to dispute the correctness of this decision, but it seems to us unnecessary to have added that "the cause has been removed from the state court to the federal court." The fact that all proceedings to. remand must take place in the federal court does not inevitably imply that the cause has been actually removed until the federal court remands it.

[1] However, it does not seem to us important whether "Action No. 5" was de facto in the federal court until remand, or whether it has never been removed at all, because the rights of the parties cannot in our judgment be made to depend upon such niceties. We think it apparent that section 265 may not be evaded by such a subterfuge, and that the appellees may not accomplish in two steps what they concededly could not do in one. If one has only to file removal papers in the teeth of the statute, and then lock the cause in the federal court by an injunction, the whole purpose of the act is defeated. The section represents a policy nearly as old as the Constitution itself, and is not to be circumvented by a contrivance which the law does not warrant.

It is true that the District Court for the Northern District of California had substantive jurisdiction of such a cause; it is also true that the removal may be taken as a consent by the defendants to appear in that court; it is finally true that, if the plaintiff had also consented, the cause could have then proceeded. But all this cannot deprive the plaintiff of its right to continue in the state court of its choice, a right expressly given it under the statute. This right this bill would take away, though it is directly secured by section 265. It would be a pitiful casuistry which should deny the substance of that right because the defendant had unlawfully succeeded in evading the form. Hence we hold that section 265 forbade any injunction of "Action No. 5" until the plaintiff therein had in some way forfeited its right to remand, which it never has.

[2] There remains only the question whether we may now so hold in the face of our former decision in this very case.

It would be, indeed, somewhat late for this court to deny a right to change its mind which we have twice recognized and once exercised. Johnson v. Cadillac Co., 261 F. 878, 8 A. L. R. 1023; Cromwell v. Simons, 280 F. 663. In the second case it is true we declined to change our previous ruling, but that was only because the question involved seemed to have no general bearing. Besides, whatever may be said of earlier decisions, it is now well settled that the "law of the case" does not rigidly bind a court to its former decisions, but is only addressed to its good sense. Messenger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152; Sou. Ry. v. Clift, 260 U. S. 316, 43 S. Ct. 126, 67 L. Ed. 283; Diaz v. Patterson, 263 U. S. 399, 402, 44 S. Ct. 151, 68 L. Ed. 356; Raydure v. Lindley (C. C. A. 6) 268 F. 338, 341; Pac. Amer. Fisheries v. Hoof (C. C. A. 9) 291 F. 306; Texas Co. v. Pensacola, etc., Co. (C. C. A. 5) 292 F. 61, 64. There can surely be no greater reason for changing our views than because the Supreme Court has directly ruled upon the precise point in the interim.

We do not, therefore, find it necessary to go into the question how far the evidence presented below would have justified an injunction against the prosecution of the actions, had they all been in the federal court. It is true that "Action No. 4" is pending in the United States District Court for the Northern District of California, and that section 265 does not apply to it. The appellees might argue, though they have not, that we should enjoin its further prosecution. But we see no occasion for half measures, and we are not aware that a court of equity has jurisdiction merely to minimize, though it cannot stop, a multiplication of suits. The source of our jurisdiction rests upon our right to bring all the litigation into one forum, and it will not support the bill that we might have included the less important suit with the more, had we jurisdiction over both.

For these reasons, the decree must be reversed, and the cause remanded, with directions to dismiss the bill, with costs in all courts.