## MATTER OF JAUREGUI

### In Deportation Proceedings

### A-19901868

*Decided by Board October 21, 1975*

Respondent is charged with deportability under section 241(a)(1) of the Immigration and Nationality Act as an alien excludable at entry under section 212(a)(20) of the Act. Nothwithstanding the law of respondent's case as established by the Ninth Circuit is that the provisions of section 241(f) of the Act, as amended, can be applied to prevent his deportation on this charge, since the mandate of the Ninth Circuit has not been acted upon by the Board and since the Service cannot appeal the Board's decision to the Ninth Circuit, the Board follows the intervening change in controlling law on section 241(f) as announced by the Supreme Court in *Reid* v. *INS* (420 U.S. 619 (1975)) subsequent to the Ninth Circuit's decision in respondent's case. Hence, respondent is ineligible for the benefits of section 241(f) (*Matter of Montemayor*, 15 I. & N. Dec. 353).

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry (section 212(a)(20))—Immigrant not in possession of a valid immigrant visa or other valid entry document.

ON BEHALF OF RESPONDENT: George Haverstick, Esquire
1150 Union Street, Suite 3
San Diego, California 92101

This case is before us on remand from the United States Court of Appeals for the Ninth Circuit. The respondent's appeal, which we deem still to be before us, will once again be dismissed, and we shall reinstate the order of deportation.

The respondent is a native and citizen of Mexico who entered the United States upon the presentation of an Alien Registration Receipt Card (Form I-151), which was either counterfeit or which belonged to someone else. He was ordered deported to Mexico after a hearing before an immigration judge. In a decision dated May 25, 1972, we dismissed the respondent's appeal from that order of deportation. The only questions now before us involve the applicability of section 241(f) of the Immigration and Nationality Act to the respondent's situation.

Section 241(f) provides:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have

485

sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

In our decision of May 25, 1972, we found that section 241(f) did not prevent the respondent's deportation primarily because the respondent had not been subjected to the "consular screening process" as an immigrant. In so holding we relied on the Attorney General's decision in *Matter of Lee*, 13 I. & N. Dec. 214, 218 (BIA 1967; A.G. 1969). The United States Court of Appeals for the Ninth Circuit reversed us, pointing out that *Matter of Lee*, supra, had been overruled in *Lee Fook Chuey* v. *INS*, 439 F.2d 244 (C.A. 9, 1971), and that *Lee Fook Chuey* was still the law in the Ninth Circuit. The case, however, was remanded to us in order that we might reach the question of whether the respondent had sufficiently established the requisite misrepresentation prescribed by section 241(f).

Our review of the record convinces us that fraud has been adequately established for purposes of the application of section 241(f). The respondent briefly testified as to the facts surrounding his entry (Tr. p. 8), and it was stipulated that the Service records also indicate that the respondent entered upon the presentation of false documents (Tr. p. 4).

The respondent is charged with deportability under section 241(a)(1) as an alien who was excludable at entry under section 212(a)(20). Under ordinary circumstances, our finding on the fraud question would result in the proceedings being terminated, because the law of this case, as established by the Ninth Circuit, is that section 241(f) can be applied to prevent the respondent's deportation on this charge.

However, subsequent to the Ninth Circuit's decision in this case, and while the case was still pending before us, the Supreme Court decided the case of *Reid* v. *INS*, 420 U.S. 619 (1975). We have interpreted *Reid* as precluding the application of section 241(f) to the precise charge of deportability levied against the respondent. *Matter of Montemayor*, 15 I. & N. Dec. 353 (BIA 1975). The Ninth Circuit appears to be in accord with our analysis of *Reid*. See *Guel-Perales* v. *INS*, 519 F.2d 1372, (C.A. 9, 1975), cert. den. 423 U.S. 1057. See also *Castro-Guerrero* v. *INS*, 515 F.2d 615 (C.A. 5, 1975). The question then presented is whether or not we are bound to follow the mandate of the Ninth Circuit in this case and thus ignore the change in the state of the law.

The "law of the case" doctrine does not *prevent* a court which rendered a decision from reexamining its ruling when the same case once again comes before the court. *Messinger* v. *Anderson*, 225 U.S. 436 (1912); *Wm. G. Roe & Co.* v. *Armour & Co.*, 414 F.2d 862 (C.A. 5, 1969); *Helms Bakeries* v. *Commissioner of Internal Revenue*, 263 F.2d 642 (C.A. 9, 1959), cert. denied, 360 U.S. 903 (1959). An intervening change

in controlling authority, such as a Supreme Court decision, has been deemed a sufficient justification for declining to follow the law of the case. *McComb* v. *Crane*, 174 F.2d 646 (C.A. 5, 1949); *Higgins* v. *California Prune & Apricot Grower, Inc.*, 3 F.2d 896 (C.A. 2, 1924).

On occasion, several United States courts of appeals have indicated that the mandate of a prior decision is nevertheless binding on a lower court upon remand. *City of Seattle* v. *Puget Sound Power & Light Co.*, 15 F.2d 794 (C.A. 9, 1926), cert. denied, 273 U.S. 752 (1927); *Higgins* v. *California Prune & Apricot Grower, Inc.*, supra; *Pacific American Fisheries* v. *Hoof*, 291 F. 306 (C.A. 9, 1923), cert. denied, 263 U.S. 712 (1923). However, there is support for the view that a lower court is not totally precluded from applying a new legal rule announced by a higher authority, even though the mandate in the case might thereby be technically ignored. *Banco Nacional de Cuba* v. *Farr*, 383 F.2d 166, 177–78 (C.A. 2, 1967), cert. denied, 390 U.S. 956 (1968); petition for rehearing denied, 390 U.S. 1037 (1968); *Sartor* v. *Arkansas Natural Gas Co.*, 29 F. Supp. 956 (W.D. La. 1939) (reversed in *Sartor* v. *Arkansas Natural Gas Corp.*, 111 F.2d 772 (C.A. 5, 1940), on the ground that the lower court had misinterpreted the intervening authority).

We are of the opinion that the controlling law on section 241(f) is contrary to the law of this case. Since the Immigration and Naturalization Service cannot appeal our decision to the Ninth Circuit, we see no alternative but to apply the law as we perceive it, particularly since the mandate of the Ninth Circuit has not been acted upon. Moreover, it seems to us that, in view of its interpretation of *Reid*, in *Guel-Perales* v. *INS*, supra, the Ninth Circuit would wish to see its interpretation applied in this case too.

Section 241(f) does not prevent the respondent's deportation on the charge specified in the order to show cause. *Matter of Montemayor*, supra; see *Reid* v. *INS*, supra. The appeal will be dismissed and the respondent will be ordered deported to Mexico.

ORDER: The respondent's appeal is dismissed.

*Further order:* The respondent shall be deported from the United States to Mexico on the charge contained in the order to show cause.