UNITED STATES of America, Plaintiff,

v.

17,380 SQUARE FEET OF LAND SITUATED IN the COUNTY of NEW YORK, et al., Defendants.

No. 87 Civ. 4635 (MBM).

United States District Court, S.D. New York.

Feb. 18, 1988.

Bernard W. Bell, Asst. U.S. Atty., New York City, for plaintiff.

Stroock & Stroock & Lavan, New York City, for S & M.

Stephen E. Powers, Fink Weinberger Fredman Berman & Lowell, New York City, for Van Wagner.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendant S & M Enterprises renews its motion to recover the remaining $2 million of $15.3 million deposited in the Court's custody by the United States as "just compensation" for its taking of the premises that are the subject of this action.

The plaintiff takes no position on the motion, but codefendant Van Wagner Advertising Co. resists on two grounds: (i) that it may have a leasehold interest in the subject property, in process of being determined in related litigation in the state courts of New York, and (ii) that a prior decision by another judge of this Court, releasing $13.3 million to S & M but retaining $2 million in the registry of the Court and stating that the state court litigation involves a "dispositive issue," is law of the case requiring that the $2 million be retained by the Court pending the final outcome of the state court litigation.

For the reasons set forth below, the motion is granted.

## FACTS

S & M owns the property in question; Van Wagner at one time leased a billboard on the side of the building located on the property. Whether Van Wagner remains the lessee of that billboard, and on what terms it does or does not, is the subject of the state court litigation. Under both Van Wagner's initial lease with S & M's predecessor in interest, and a lease negotiated with S & M in an apparently futile effort to settle the state court litigation, Van Wagner's rights to the billboard space were to terminate upon condemnation. Van Wagner has attacked the validity of the new lease in the state court litigation, arguing that that lease was procured by S & M's fraudulent failure to disclose the impending condemnation. The settlement in the state court litigation, and perforce the new lease, have been invalidated by the state trial court, and an appeal is in process. S & M argues here that either the new lease is valid or Van Wagner reverts to its status under the old lease; either way, Van Wagner's rights terminate upon condemnation. Van Wagner argues, in essence, that its rights have yet to be determined in the state court action, that it would not have agreed to the new lease with an automatic termination upon condemnation had it known that condemnation in fact was imminent, and that the $2 million accordingly should remain in the Court's registry to protect Van Wagner's interest in the property should the state court determine that Van Wagner has such an interest.

## DISCUSSION

Although the choice is not as simple as S & M urges—extinguishing Van Wagner's rights under either the old lease or the new one, neither does it seem necessary to retain the $2 million currently being held by the Court.

In the event the state trial court is upheld and the settlement reached by the parties in the state court litigation is nullified, it may be that Van Wagner can establish that it would have negotiated something other than termination of its rights upon condemnation. But whether or not it can do so, the New York Court of Appeals has already determined that Van Wagner would be fully protected by a damage claim against S & M, *Van Wagner Advertising Corp. v. S & M Enterprises*, 67 N.Y.2d 186, 194–95, 501 N.Y.S.2d 628, 492 N.E.2d 756 (1986), and there has been no suggestion here that S & M cannot respond in damages in the state court action when—and if—it is determined that Van Wagner has any rights in the property at issue. Moreover, if such a suggestion were made, Van Wagner could secure provisional remedies under the CPLR. *See, e.g.*, CPLR § 6211.

The fund deposited in this Court in a condemnation proceeding stands in place of the realty itself and is "subject to claims of all lienholders against the property at the time of taking." *United States v. Cohen,* 81 F.Supp. 340, 341 (S.D.N.Y.1948); *United States v. Certain Land in City of St. Louis, Mo.,* 29 F.Supp. 92, 94 (E.D.Mo. 1939). Van Wagner is unable to show that it in fact has a lien on the subject property, the value of any such lien, or the need to retain $2 million in the Court's registry to protect its hypothetical interest should that interest ripen into a lien. By contrast, it is uncontested that the funds are earning far less in the Court's registry than they would earn in the hands of S & M. Indeed, considering that Van Wagner has a viable damage claim against S & M in litigation already pending in state court when—and if—Van Wagner establishes it is entitled to damages, there would seem to be no advantage to Van Wagner in retaining the $2 million in the Court's registry, other than denial of a benefit to S & M.

Van Wagner's alternative position, that a prior order of this Court is "law of the case" and bars release of the funds, requires less discussion. First, I read the prior order as a determination only that the funds would not be released at that time, not that they must be retained indefinitely pending final resolution of the state court action. Second, to the extent that the law of the case doctrine exists in federal court, it is a prudential and not a mandatory rule. *See Higgins v. Prune & Apricot Grower, Inc.,* 3 F.2d 896, 898 (2d Cir.1924).

Accordingly, pursuant to 40 U.S.C. § 258a and Rule 71A(j), Fed.R.Civ.P., the Clerk is directed to release to S & M the $2 million remaining in the registry of the Court, plus interest thereon, upon proper application by counsel for S & M.