[No. 4113.]

## The City of Pueblo v. The Shutt Investment Co.

1. **Corporations—Ultra Vires—Damages—Purchase of Claim.**

A corporation organized and incorporated for the purpose of buying, selling and improving real estate has not the power to purchase a claim for damages so as to maintain an action thereon. And where such corporation purchased and took an assignment of a claim for damages to town lots caused by building a viaduct by a city, which damage accrued prior to the time the corporation acquired title to the lots the act was ultra vires and the corporation could not maintain an action against the city for such damages.

2. **Cities and Towns—Viaducts—Damage to Lots—Assignment of Claim for Damage.**

Where a corporation purchased certain town lots, damaged by the building of a viaduct, after the viaduct had been built, and afterwards took an assignment from its grantor of his claim against the city for damage to some of the lots purchased, it could not maintain an action against the city for damage to the lots not mentioned in the assignment of the claim for damages.

3. **Practice—Commissioners to Assess Damages.**

Where in an action for damages to town lots, by stipulation of the parties, commissioners were appointed to assess the damages, although not appointed in pursuance of any statute, when appointed, they constituted a judicial body and their conduct must be controlled by the same rules which control the conduct of juries and other like bodies. And where such commissioners in assessing the damages took the unsworn and ex parte opinions of various persons as expressed to the individual commissioners and without notice to the parties to the action, such conduct must result in setting aside the award of the commissioners.

4. **Practice—Law of the Case—Opinion of Court of Appeals.**

Where in an action for damages judgment was for defendant from which judgment plaintiff appealed to the court of appeals where the judgment was reversed and remanded for a new trial and upon retrial plaintiff recovered judgment from which the defendant appealed to the supreme court, the opinion of the court of appeals was not the law of the case and binding on the supreme court and the fact that defendant did not except to or assign error upon the opinion of the court of appeals was immaterial.

*Appeal from the District Court of Pueblo County.*

On September 9, 1892, The Shutt Investment Company purchased from E. W. Shutt certain lots situated on Mechanic street between B and C streets in the city of Pueblo, described as lots 23 to 28 inclusive, in block 68; and on the 3rd of March, 1893, in consideration of one dollar and other valuable considerations, E. W. Shutt transferred and assigned to said company all his title and interest in or to any claim or claims for damages which he then had or might thereafter have, for and on account of the construction and maintenance of what is known as the C street viaduct of the city of Pueblo, or for or on account of the vacation of parts of C and B streets, then sustained or which might thereafter be sustained by lots 25 to 28 inclusive, in block 68, in the city of Pueblo.

In October, 1894, suit was commenced by The Shutt Investment Company against the city to recover damages alleged to have been sustained by reason of the construction of the viaduct on C street in the city of Pueblo, alleging that it was the owner of lots 23 to 28 inclusive, in block 68; that it purchased the same on or about the 2nd of March, 1892; and that it held the claim for damages to said premises by virtue of an assignment from E. W. Shutt, duly made in writing prior to the institution of the suit. In December following, a demurrer was filed to the complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action. On December 21, the demurrer was overruled.

An answer was filed January 7, and an amendment to the answer was filed April 10, 1895. A demurrer was filed April 17 to special defenses contained in the answer and amendment, which was sustained. Prior to the time of the filing of the answer, and after the ruling of the court upon the demurrer, the parties entered into a stipulation, by the terms of which, in substance, it was agreed to submit the question of damages, if any,

to two commissioners to be appointed by the court, who were to be sworn and instructed by the court; and that "the finding and report of the amount of damages sustained, if any, by said premises shall be final and conclusive upon both parties hereto," with a proviso, "that the said plaintiff shall prove by testimony before the court, free from all exceptions as to competency, relevancy or admissibility all controverted and material allegations of its complaint." On the 8th of January, commissioners were appointed and instructed by the court—counsel for both parties being present and consenting thereto; and afterwards, on February 25, 1895, the commissioners so appointed filed their report awarding to the plaintiff damages in the sum of $9,000. On March 4 and March 16 following, the city filed respectively a motion, and an additional motion supported by affidavits, to set aside the report and award. Afterwards the cause was submitted to a jury, and, the jury finding that the property had not been damaged, judgment was rendered for the defendant; from which judgment the plaintiff appealed to the court of appeals. In that court the judgment was reversed, and the district court was directed to re-try the case and, upon the plaintiff's proving the controverted allegations of the complaint, to enter judgment pursuant to the award of the commissioners.

In a counter-affidavit in support of the award, J. L. Beaman, one of the commissioners, makes this statement: That shortly after their appointment and qualification, he and Anderson (the other commissioner) viewed the premises, and he formed an impression and opinion, derived from his knowledge of values in that locality both immediately before and immediately after the construction of the C street viaduct, of the damages sustained by the premises described in the complaint; that his judgment was not in accord with the judgment of Anderson, also formed at that time, but was considerably higher; that he and Anderson then and there agreed that they would, either together or individually, prosecute inquiries and get statements from parties whom

they considered to be posted in values in the locality where said premises were situate, immediately before and after the construction of said viaduct, for the purpose of correcting, or modifying, their judgments formed after viewing the premises, and ascertaining whether they could reach an agreement as to the damages sustained, for the purpose of making the award; that the information obtained by each individually should be communicated to the other and considered in their joint meetings, and that he communicated to Anderson whatever information he had obtained in the prosecution of such inquiries, and that Anderson communicated information obtained by him individually, and that the whole mass of information so obtained was considered at their joint meetings as such commissioners; that the opinion of the affiant, formed shortly after viewing the premises and before prosecuting inquiries for further information and obtaining statements as aforesaid, was based upon special and general knowledge of real estate in South Pueblo in said locality, at and immediately after the construction of said viaduct; that the information and statements obtained either by himself or said Anderson did not serve to modify or change his judgment formed shortly after viewing the premises, as to the damages sustained by the premises.

An affidavit in substance the same was filed by Anderson, the other commissioner.

Mr. G. W. Collins, Mr. Chas. E. Gast and Mr. M. J. Galligan for appellant.

Messrs. Waldron & Devine for appellee.

Mr. Justice Steele delivered the opinion of the court.

We will consider but two assignments of error: 1. That the court erred in overruling the demurrer to the plaintiff''s complaint. 2. That the court erred in refusing to set aside the

award of the commissioners.

The complaint states that the company plaintiff has for its object buying, selling, and improving real estate in the state of Colorado. This court held in *Denver v. McClellan,* 9 Colo. 11, that, "Private corporations are creatures of statute, and derive their powers solely therefrom. Upon weighty considerations of public policy, and of private equity as well, the principle has been universally recognized that the charters or general laws through which these corporations derive their existence absolutely control their action; that a contract made or an act done by them which is not in any manner authorized by some express provision of the charter or law of incorporation, or which may not be clearly implied therefrom, is *ultra vires;* and that such usurpation of power may be relied upon as a complete defense to a suit growing out of the unauthorized act or contract."     .

The purchase of a claim for damages is not within the power of this corporation, as shown by its articles of incorporation; nor was there any allegation in the complaint showing the necessity for the purchase in the pursuit of its business, nor was proof of such necessity offered. No damages accrued to the plaintiff after it purchased the property, but its claim to damages is based solely upon the assignment from E. W. Shutt, which was made some time after the sale of the lots. Such dealing in litigation is entirely foreign to the objects of its creation; and it is, at least, doubtful whether claims of this kind against municipalities of the state can be made the subject of bargain and sale by corporations organized under our statutes.

The plaintiff was not entitled to judgment for damages to lots 23 and 24, because these lots are not included in the assignment from E. W. Shutt.

The commissioners appointed by the court were not appointed pursuant to the statute; they constituted, however, a judicial body, when appointed, and their conduct must be controlled by the same rules which control the conduct of juries and other

bodies of like character. The affidavits filed in support of the motion to set aside the award allege that the commissioners took the *ex parte* statements of many persons concerning the damages to be assessed against the city, without notice to the city, and that the persons whose statements were received were not requir-ed to be sworn; that the statements were not taken by the commissioners as a body, but were taken by them in-dividually. The statements of the commissioners, made in the form of an affidivit, virtually admit the facts stated in the af-fidavits in support of the motion to set aside the award. It is highly improper for commissioners to receive evidence without notice to the parties, or to receive as evidence the opinions of persons not sworn as witness; but in this case the commissioners not only took the opinions of persons not sworn, but took those opinions at second hand. Such conduct must result in setting aside the award. The city of Pueblo, if the commissioners were unable to agree upon the amount of damages without the exam-ination of witnesses, was entitled to be notified, in order that it might have an opportunity to present witnesses in support of its contention as to the amount of damages.

In the following cases it has been held that what will be misconduct on the part of a juror, will, as a general rule, be such on the part of an arbitrator; that it is gross misconduct to seek evidence, or the opinions of others in regard to the case, or any-thing material to its decision, in the absence of the defeated party; that the arbitrator may not, on his own responsibility, hear statements concerning the matter in controversy; and that, if evidence is taken by the arbitrators in the absence of the de-feated party, without notice to him, the award is void. *Vessel Owners' Towing Co. v. Taylor,* 126 Ill. 250; *Shively v. Knob-lock,* 35 N. E. Rep. 1028; *Mosher v. Shea,* 102 Ill. 169; *Carter v. Sacramento,* 28 Pac. Rep. 108; *Elmendorf v. Harris,* 23 Wend. 628; *Emery v. Downing,* 7 Gill. 488; *Wood v. Helme,*

530     City oe Pueblo v. Shutt Inv. Co.,     [Sept. T:,

14 R. I. 325.

Counsel for appellee claim that "the judgment and opinion of the court of appeals is now binding as the 'law of the case,' because such opinion or judgment was not excepted to, nor is there any assignment of error contained in the record questioning the correctness or legality thereof." Exceptions are not required to be taken in cases brought directly from the court of appeals to this court, and there can be no good reason for requiring exceptions to a judgment of the court of appeals which directs a new trial. The city, in this case, could not take an appeal from the judgment of the court of appeals, and it was not until judgment in a sum in excess of $2,500 was rendered against it, that its right to appeal to this court accrued: The city now asks this court to review the judgment of the district court rendered against it. This is a right the defendant has; and it becomes our duty to review it, and to reverse it if we do not agree with the district court, notwithstanding the fact that the court of appeals may have, in the same litigation, rendered a decision at variance with our views; nor is the right or duty affected in any way by the failure of the city to take exceptions to, or assign error upon, the judgment of the court of appeals.

For the reasons assigned, the cause is reversed and remanded.

*Reversed.*