SOUTH BEND HOME TELEPHONE COMPANY ET AL. *v.*
BEANING.

[No. 22,304. Filed May 1, 1914.]

1. APPEAL.—*Subsequent Appeal.*—*Questions Reviewable.*—The decision of the Appellate Court that a telephone company whose poles are used by a city for its police telephone system, as well as an electric light company whose poles are set in the street under a license from the city, are liable for negligence to a city employe injured by their wires while upon their poles to repair the city's wires, precludes consideration by the Supreme Court on a subsequent appeal of the same cause, of defendant's proposition that

plaintiff, while upon the poles of the electric company, was merely a licensee, and that there was no violation of any duty owing to him as such. p. 588.

2. ELECTRICITY.—*Injuries Incident to Production or Use.—Actions. —Verdict.—Answers to Interrogatories.*—Where a complaint, in addition to charging negligence in failing to properly insulate electric wires also averred negligence in maintaining such wires in dangerous proximity to telephone poles and cables, about which plaintiff was working at the time of his injury, answers to interrogatories showing that the defendant was not negligent with respect to the insulation of its wires are not inconsistent with a verdict for plaintiff, since the verdict may have been based on the other charge of negligence. p. 589.

3. ELECTRICITY.—*Injuries Incident to Production or Use.—Actions. —Instructions.*—An instruction that a telephone company and an electric company in the operation of their lines are required to "exercise that reasonable care consistent with the proper operation of their business which would be observed by reasonably prudent persons under like circumstances, and to increase the care with any change in conditions likely to increase the danger, and having due regard to the existing state of science and invention", was not objectionable as requiring them "to purchase every freak device turned out, and take the chance of its being a success or a failure", but it merely required the use of care commensurate with the danger involved, namely, the highest degre of care practicable under the circumstances. p. 589.

From Laporte Circuit Court; *Harry B. Tuthill,* Special Judge.

Action by Thomas H. Beaning against the South Bend Home Telephone Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Drummond & Drummond, A. G. Graham, Anderson Parker* and *Crabill & Crumpacker,* for appellants.

*Frank E. Osborn, W. A. McVey* and *Lee L. Osborn,* for appellee.

SPENCER, J.—On September 5, 1904, Thomas H. Beaning, then in the employ of the city of South Bend as an electrician in connection with the city's police and fire alarm systems, was injured while at work on a telephone pole belonging to appellant South Bend Home Telephone Com-

pany. Subsequently he brought suit against the telephone company and the South Bend Electric Company, now a part of the Indiana and Michigan Electric Company, and alleged that his injuries resulted from the concurring negligence of the two defendants. The cause was tried by a jury in the Laporte Circuit Court, which court, at the close of the plaintiff's evidence, directed a verdict in favor of the defendants and rendered judgment accordingly. On appeal, the Appellate Court reversed the judgment of the circuit court and remanded the cause for a new trial. *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261, 90 N. E. 786. The facts of the case are very fully set out in the opinion of the Appellate Court, *supra,* and we deem it unnecessary to restate them here. On a second trial the jury returned a verdict in favor of appellee in the sum of $8,000, together with answers to a series of interrogatories propounded to it. From a judgment on the general verdict, this appeal is taken.

Each appellant assigns error in the overruling of its motion for judgment on the answers to interrogatories. These answers are over 200 in number and no good purpose will be subserved in setting out even the substance thereof. The electric company contends that they show (1) that appellee was on the pole as a licensee and under such conditions that it owed him no duty which is shown to have been violated; (2) that the failure to insulate its wire was not the proximate cause of the injury; and (3) that appellee was guilty of contributory negligence. As to the first point, appellant is now foreclosed by the decision of the Appellate Court on the first appeal wherein it was held that where a city maintains a police telephone system using the poles of a telephone company, such company, as well as an electric light company whose poles are set in the street under a license from the city, are liable for negligence to a city employe who climbs such poles to repair the city's wires, and receives injuries by coming in

contact with their wires. *Beaning* v. *South Bend Electric Co., supra,* 272.

As to the second point raised, it is true that the jury, in answer to interrogatory No. 216, found that there was no "practical method of insulating the said wires of the electric company at said time and place that would have prevented the escape of a current of 2,200 volts of electricity into the body of a person coming into contact therewith when such person was otherwise grounded." It must be observed, however, that the failure of the electric company to insulate its wires properly was not the only negligence urged against it. Appellee's complaint further charges, in effect, that the electric company was negligent in maintaining its high voltage wires in dangerous proximity to the telephone pole and cables, and, so far as appears from the record, the jury's finding against the electric company may have been based on that charge.

Each of the appellants earnestly insists that the answers to interrogatories show that appellee was guilty of contributory negligence. To set out in detail even the substance of these answers would extend this opinion unnecessarily and we deem it sufficient to say that, in our judgment, the answers to interrogatories do not, as a matter of law, support appellants' contention. With substantially the same facts before it, the Appellate Court held that appellee was entitled to have his case submitted to the jury for decision and we see no good reason to disturb the verdict.

In their motions for a new trial, appellants object to the giving and refusal of certain instructions and to certain rulings relative to the admission of evidence. Instruction No. 4 given by the court on its own motion reads as follows: "Both defendants, as shown by the evidence, were engaged in certain public utilities wherein each made use of electricity, by means of electric wires and certain other apparatus. Such companies are not insurers of those whose occupation is liable to bring them in dan-

gerous contact with electric wires, and hence are not liable for injuries unless guilty of some wrongful act or omission. The measure or degree of care required of defendants is that they exercise that reasonable care consistent with the proper operation of their business which would be observed by reasonably prudent persons under like circumstances, and to increase the care with any change in conditions likely to increase the danger, and having due regard to the existing state of science and invention.'' We cannot agree that the phrase ''having due regard to the existing state of science and invention'' required appellant ''to purchase every freak device turned out, and take the chance of its being a success or a failure.'' The instruction only requires the use of such care as is commensurate with the danger involved in the handling of electricity, namely, the highest degree of care practicable under the circumstances, and is as favorable to appellants as the law will permit. *Valparaiso Lighting Co. v. Tyler* (1912), 177 Ind. 278, 96 N. E. 768; *Evansville Gas, etc., Co. v. Robertson* (1914), 55 Ind. App. ——, 100 N. E. 689.

We have carefully examined each of the other questions presented by appellants but do not agree that they require the reversal of this cause. The instructions given fully and fairly covered the law applicable to the issues and no reversible error is apparent on the rulings relative to the evidence. Judgment affirmed.

NOTE.—Reported in 105 N. E. 52. As to degree of care that negatives the imputation of negligence in the use of electricity by defendant in personal injury cases, see 100 Am. St. 516. See, also under (1) 3 Cyc. 395; (2) 38 Cyc. 1926; (3) 15 Cyc. 480.