(No. 17905.—

MARGARET P. McLAUGHLIN, Defendant in Error, *vs.* KATE HAHN *et al.* Plaintiffs in Error.

*Opinion filed December 20, 1928.*

REEVE & HEYWOOD, and DAVID RYAN TWOMEY, (HAROLD L. REEVE, of counsel,) for plaintiffs in error.

DAWSON & DAWSON, (GEORGE E. DAWSON, of counsel,) for defendant in error.

Per CURIAM: This writ of error arises out of a controversy over the apportionment among the several parties to a partition suit, according to their respective interests in the subject matter, of the fee of the complainant's solicitors for services rendered in the suit.

On May 6, 1921, Robert F. Summers died seized of real estate consisting of forty-four lots and an unsubdivided ten-acre tract, all situated in the city of Chicago. One of the lots was improved by a two-story apartment building. Kate Hahn and Ellen P. Guerin, the plaintiffs in error, and Margaret P. McLaughlin, the defendant in error, were the decedent's sole heirs-at-law. William N. Guerin, a son of Ellen P. Guerin, was appointed administrator of the estate. He was represented by George E. Dawson, who had been Summer's personal attorney for many years. Each of the three heirs retained an attorney, Mrs. McLaughlin being represented by Dawson. To effect a proper division of the estate it was thought necessary to dispose of some of the securities or to sell a part of the real property, and there was a dispute concerning the fees to be allowed the administrator and his attorney. A meeting was held in Dawson's office on June 21, 1922, at which all the interested parties and their counsel were present and these questions, among others, were discussed. There is a direct conflict in the testimony with respect to much of the discussion pertinent to this controversy, it being claimed by the plaintiffs in error, supported by the testimony of several witnesses, that an oral agreement was entered into that each heir would appoint a real estate expert and appraise the value of the real property; that based on the report of the appraisers an amicable partition would be made by drawing lots and that no bill for partition would be filed by any of the parties. The making of this agreement is denied by witnesses testifying

on behalf of the defendant in error. Mrs. Hahn and Mrs. Guerin each appointed an appraiser a few days subsequent to the meeting, and the appraisers began their work shortly thereafter. Mrs. McLaughlin did not appoint an appraiser but filed a bill for partition on July 8, 1922. The real estate was properly described and the interests of the several heirs were correctly stated in the bill. The prayer was for partition, or for a sale of the property if partition could not be made, and for solicitor's fees to be taxed as costs. After the bill was filed attempts were made by counsel for the plaintiffs in error to induce the defendant in error to dismiss the bill and to effect a partition by agreement. The complainant and her counsel refused to do so unless each of the plaintiffs in error paid one-third of $800, which complainant's counsel claimed for services rendered in preparing and filing the bill. Answers were filed by Mrs. Hahn and Mrs. Guerin admitting substantially all the allegations of the bill, except one that lot 7, in block 2, was under contract of sale to Orlando Pecchia, which was neither admitted nor denied. They also averred in their answers that each was entitled to an undivided one-third interest in lot 6, not included in the bill, and to an accounting from the administrator of all the rents collected by him, and they denied that the complainant was entitled to solicitor's fees. The plaintiffs in error afterwards filed a cross-bill, averring that Summers owned lot 6 and that Pecchia had no interest in lot 7, and asking for partition of the real estate and an accounting from the administrator. A motion to strike the cross-bill from the files was denied. The original bill was taken as confessed by Pecchia and the cause was referred to a master in chancery. The master reported that the rights and interests of the parties were correctly stated in the original bill; that no substantial defense had been interposed thereto and that the cross-bill should be dismissed for want of equity, and he recommended that a decree for partition as prayed in the original bill should be entered.

Plaintiffs in error filed objections to the master's report. These objections were overruled and ordered to stand as exceptions. Some of the exceptions were sustained and the court ordered a re-reference to the master, who thereupon reported that the evidence with regard to the alleged agreement not to file a bill for partition was conflicting, but that the plaintiffs in error and their counsel were warranted in believing that no bill would be filed. He also reported that the agreement was without legal force because there was no written memorandum of it. A decree for partition was entered and commissioners were appointed. No appeal or writ of error was prosecuted to reverse the decree. The commissioners appraised each parcel of property, finding the value, in the aggregate, to be $66,500, and reported that the premises were not susceptible of division without manifest prejudice to the interests of the parties. A decree of sale was entered, but it was subsequently vacated on motion of Mrs. Hahn. Her exceptions to the report of the commissioners were sustained and other commissioners were appointed, who appraised the value of the property, in the aggregate, at $103,110 and allotted the property in severalty to the parties, with the exception of the ten-acre tract, which they found not susceptible of division. Exceptions to the report filed on behalf of the plaintiffs in error were overruled. The ten-acre tract was sold and a decree approving the partition and sale was entered. An application to award a solicitor's fee followed, but it was denied on the ground that the proceeding had not been an amicable one and that such an allowance would be inequitable. From the order denying a solicitor's fee Mrs. McLaughlin prosecuted an appeal to the Appellate Court for the First District. That court reversed the order and remanded the cause to the circuit court, with directions to include a fee for the complainant's solicitors as a part of the costs of the suit. The cause was accordingly reinstated in the circuit court and referred to a master in chancery, whose report fixing the

fee at $6525 was approved and an order was entered in accordance therewith. On appeal to the Appellate Court for the First District the order was affirmed. The record is brought to this court for review by a writ of *certiorari*.

The plaintiffs in error seek a reversal of the order upon the ground that it was error to allow the solicitor's fee to be taxed as costs against all the parties interested in the property. The defendant in error insists that since no effort was made to obtain a review in this court of the first decision of the Appellate Court, the right to have the solicitor's fee taxed as costs was finally determined by that decision and that this court is precluded from considering any question with reference thereto except the amount of the fee allowed. The first decision of the Appellate Court was not final in the sense that it was reviewable by this court. (*Jones* v. *Young,* 228 Ill. 374; *People* v. *Board of Education,* 275 id. 195.) While it may have constituted the law of the case for that court upon the second appeal, it is not binding upon this court in reviewing the latter decision. *Zerulla* v. *Supreme Lodge,* 223 Ill. 518; *Bailey* v. *Robison,* 244 id. 16.

The right to have the complainant's solicitor's fee in a partition suit taxed as costs, to be paid by all the parties interested in the subject matter of the suit, is defined by section 40 of the Partition act, (Cahill's Stat. 1927, p. 1902; Smith's Stat. 1927, p. 2029;) which provides: "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs among the parties in interest in the suit, including * * * a reasonable solicitor's fee for complainant's solicitor, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense shall recover their costs against the complainant ac-

cording to equity." The plaintiffs in error contend that the bill did not correctly set forth the interests of the parties and that a good and substantial defense was interposed by the defendants. The first contention is based upon the fact that the bill, after describing all the property, including lot 7, alleged that the three heirs were the only persons who had any interest in the lot and prayed partition of it, while the proof showed that the lot was under contract of sale to Pecchia and consequently was not subject to partition. That allegation of the bill, however, was qualified by the subsequent allegation that lot 7 was under contract of sale to Pecchia. It was averred in the answer and cross-bill that the parties had an undivided one-third interest in lot 6, which was not mentioned in the original bill, but the proof showed that the lot had been sold by Summers to Pecchia, that the deed had been delivered before the former's death, and that his heirs had no interest in the lot. Hence it can not be said that the bill did not correctly set forth the rights and interests of the parties.

The instant proceeding was not an amicable one. Each of the heirs was represented by counsel, and the master found that at the meeting of June 21, 1922, it was orally agreed that no bill for partition would be filed. That such an agreement was made is the only reasonable conclusion that can be drawn from the evidence, and while such an agreement might not, as the master reported, be legally effective, yet its violation by one of the parties would certainly lead the others to suspect that the party violating it was seeking some advantage by instituting the suit. It is also important to note that the commissioners first appointed reported that the property could not be partitioned and appraised it at $66,500. Mrs. Hahn's exceptions to the report were sustained, the commissioners were discharged and on her motion the decree of sale was vacated. The court appointed other commissioners, who appraised the property at $103,150 and partitioned all of it except the ten-acre tract, which was sold. It ap-

pears, therefore, that the plaintiffs in error were justified in employing counsel to protect their interests.

In *McMullen* v. *Reynolds,* 209 Ill. 504, the appellee contended that since the bill in a partition suit properly set forth the rights and interests of all the parties and no substantial defense was interposed, the court was required by the statute to make an allowance for the reasonable solicitor's fee of the complainant and to apportion it among the parties to the suit as costs, without regard to the question whether it was equitable that the defendants should pay a portion of the fee. The court observed that the statute provides that the court shall apportion the costs, including a reasonable solicitor's fee, "so that each party shall pay his or her equitable portion thereof;" that if it would be inequitable for the defendants to pay any portion of the complainant's solicitor's fee, it should not, under the statute, be taxed as costs and apportioned against them; and that no allowance should be made where the solicitor for the complainant prosecuted the suit in a manner hostile to the defendants and they deemed it necessary to employ counsel to protect their interests.

In the instant case the parties were unable to agree upon a division of the real estate. After the partition suit was instituted in violation of the oral agreement not to file it, all of the real estate would have been sold, pursuant to the report of the commissioners first appointed, if one of the plaintiffs in error had not interposed to prevent the sale. As the result of her efforts new commissioners appraised the property at a figure substantially higher than that fixed by the first appraisers and found all of the property, save one tract, susceptible of division and partition among the parties. The record justifies the conclusion that it was necessary for the plaintiffs in error to be represented by counsel in order that their rights might be protected and that they might obtain a just partition of the property. The chancellor by his first decree denied an order taxing the com-

plainant's solicitors' fee as costs. The Appellate Court reversed that order and directed that the fee be so taxed, and accordingly it was done. Under the facts and circumstances of this case the first order of the circuit court denying an allowance for the fee of the complainant's solicitors apportioned among the parties interested in the property was correct.

The judgment of the Appellate Court and the order of the circuit court are reversed. *Judgment reversed.*