MRS. ROBERT H. PEASELEY, EXECUTRIX OF THE WILL OF ROBERT H. PEASELEY, DECEASED v. VIRGINIA IRON, COAL AND COKE COMPANY, A CORPORATION

No. 7226SC563

(Filed 23 August 1972)

**Appeal and Error § 68— summary judgment affirmed on appeal — law of case on subsequent appeal**

A former appeal affirming summary judgment for plaintiff establishing defendant's liability on a contract constituted the law of the case in defendant's subsequent appeal from summary judgment as to the amount plaintiff was entitled to recover on the contract, and the defendant on the subsequent appeal presented no issues that had not already been determined by the Court on defendant's prior appeals.

APPEAL by defendant from judgment entered in the Superior Court held in MECKLENBURG by *Snepp, Judge,* in chambers, 18 February 1972.

Defendant, Virginia Iron, Coal and Coke Company, appeals from a summary judgment that plaintiff recover $590,-920.33 for sales commissions on coal sold under a contract negotiated by defendant's sales agent, Robert H. Peaseley (Peaseley) before his death, but delivered after his death.

This case was originally before this Court upon appeal by plaintiff from judgment of nonsuit entered at the close of her evidence. This Court reversed. *Peaseley v. Coke Co.*, 5 N.C. App. 713, 169 S.E. 2d 243 (1969); cert. denied, 275 N.C. 596. Reference is made to that opinion for a more detailed statement of facts. This case was again before this Court at the Spring Session 1971 on an appeal by the defendant from a summary judgment in favor of the plaintiff on the question of defendant's liability only. This Court affirmed. *Peaseley v. Coke Co.*, 12 N.C. App. 226, 182 S.E. 2d 810 (1971); cert. denied, 279 N.C. 512. Reference is made to that opinion for a more detailed statement of the facts and law of the case.

On 1 December 1971 plaintiff made a motion for summary judgment as to the amount she was entitled to recover on the contract. On 13 January 1972 the defendant filed a response to plaintiff's motion for summary judgment and filed a cross motion praying "that summary judgment be entered in its favor dismissing the action." On 26 January 1972 the parties entered into the record the following stipulations:

> "The number of tons of coal shipped by the defendant to Duke Power Company from May 12, 1965, through the month of October, 1971, under the terms of the contract between the defendant and Mill-Power Supply Company dated June 19, 1963, as amended, on which the defendant has paid no commission either to the plaintiff or to the Estate of Robert H. Peaseley is 4,831,800 tons.

> If the plaintiff is entitled to commissions at the rate of ten (10¢) cents for each of the aforesaid 4,831,800 tons of coal, which the defendant does not admit but expressly denies, then the principal amount of such commissions would be $483,180.00."

On 18 February 1972 the parties entered into the following additional stipulation:

> "If the plaintiff is entitled to commissions of ten (10¢) cents for each of the 4,831,800 tons of coal, referred to

in the aforesaid Stipulation of the parties, dated January 20, 1972—and the defendant does not admit but expressly denies that the plaintiff is so entitled—then the interest on said commissions to the present date at six (6%) per cent per annum is $107,740.33."

From summary judgment entered 18 February 1972 that plaintiff have and recover of defendant $590,920.33 with interest thereon at the rate of 6% per annum until paid, the defendant appealed.

*Blakeney, Alexander & Machen by Whiteford S. Blakeney for plaintiff appellee.*

*Helms, Mulliss & Johnston by E. Osborne Ayscue, Jr., for defendant appellant.*

HEDRICK, Judge.

In its brief defendant asserts:

"The prior decisions of the Court of Appeals having been interlocutory and the defendant having preserved its position by petitioning for Writ of Certiorari, all issues in the cause are before the Court on appeal from a final judgment."

We do not agree. The decision on a former appeal is the law of the case upon the facts then presented both upon the subsequent hearing and upon subsequent appeal. 1 Strong, N. C. Index 2d, Appeal and Error, § 68, pp. 244-5. On the second appeal, this Court affirmed the "summary judgment entered for plaintiff on the question of defendant's liability for sales commissions on coal sold under a contract negotiated by defendant's sales agent, Robert H. Peaseley . . . before his death but delivered after his death." *Peaseley v. Coke Co.,* 12 N.C. App. 226, 182 S.E. 2d 810 (1971) ; cert. denied, 279 N.C. 512. The decision of this Court is the law of this case as to the question of defendant's liability to the plaintiff.

We are advertent to defendant's contention that because Peaseley had not purchased the "coal and coke dealer" license required by section 105-44 of the North Carolina General Statutes, the contract sued on was "therefore, illegal and unenforceable and the plaintiff is not, therefore, entitled to recover compensation for any services performed pursuant to any such contract."

The judgment appealed from contains the following pertinent recital:

"On December 17, 1971 . . . the Court held a hearing upon the plaintiff's motion and the defendant's cross motion.

On January 13, 1972, the Court held a supplementary hearing in chambers upon the said motions.

. . . .

Further hearing was held on January 20, 1972. The Court informed the parties that having considered the pleadings, depositions, affidavits, stipulations, and all other matters of record herein, and the arguments and authorities presented by the parties, it found and concluded that there was no genuine issue as to any material fact in this case, or as to any fact essential to the rendering of a final monetary judgment in this case.

Thereafter, before a judgment was actually signed, the defendant, on January 26, 1972, filed a 'Motion To Amend' its 'Answer' in the case. The defendant, without leave of Court, also filed, on the same date, an 'Amendment to Defendant's Cross Motion For Summary Judgment' and an 'Amendment To Defendant's Opposition To Plaintiff's Motion For Summary Judgment.' As to the subject matter of such motion and amendments—namely, the payment of certain 'license' taxes by the plaintiff's testator and his non-payment of certain other 'license' taxes—the parties, on January 31, 1972, filed a stipulation with the Court. Subsequently, on February 4, 1972, the defendant filed a 'Motion For A New Trial And Alternative Motion For Relief From Judgment' and an 'Affidavit In Support Of Motion For New Trial And Alternative Motion for Relief From Judgment.'

Notwithstanding that it was determined by judgment entered almost a year ago that the plaintiff is entitled to recover of the defendant in this case, which judgment was affirmed on appeal, and notwithstanding that the motions, amendments and affidavit filed by the defendant since January 20, 1972, are addressed to that previously adjudicated issue, and although the Court therefore deems these filings to be now untimely, the Court has neverthe-

Peaseley v. Coke Co.

less this day conducted a full hearing upon the matter raised in such motions, amendments and affidavit, filed by the defendant since January 20, 1972, and has considered the facts set forth in the stipulation of the parties relative to such matter, and the arguments and authorities presented by both parties with respect thereto.

The Court again finds and concludes:—That there is no genuine issue as to any material fact in this case, or as to any fact essential to the rendering of a final monetary judgment in this case; that, specifically, the matter dealt with in the motions, amendments and affidavit filed by the defendant since January 20, 1972, raises no genuine issue as to any material fact in this case or as to any fact essential to the rendering of a final monetary judgment in this case, and presents nothing which alters the finding and conclusion that the plaintiff is entitled to recover of the defendant as hereinafter set forth."

We agree with the ruling of the trial judge. The only question before Judge Snepp on 18 February 1972 was whether the pleadings, affidavits, exhibits, and stipulations on file showed there was a genuine issue as to any material fact with respect to the amount of defendant's liability to the plaintiff. The *material* facts necessary to determine the amount of defendant's liability to plaintiff were: (1) what was Peaseley's commission on one net ton of coal shipped and (2) how many tons of coal were actually shipped under the contract negotiated by Peaseley. The letter agreement dated 30 August 1960 clearly provided the defendant would pay Peaseley a commission of ten cents per net ton for coal "actually shipped." According to the stipulation dated 13 August 1972, defendant actually shipped in accordance with the contract 4,831,800 tons upon which the defendant had paid no commissions. The pleadings and stipulations show clearly there are no genuine issues of material fact, and the amount plaintiff is entitled to recover was a simple matter of calculation. The parties stipulated as to the amount of the interest due on the unpaid commissions to the date of the judgment. The judgment appealed from is

Affirmed.

Judges BROCK and MORRIS concur.