SPARTAN LEASING, INC. v. WILLIAM W. BROWN, JR., AND JAMES W. HOWARD, t/a COASTAL STEEL ERECTORS, A PARTNERSHIP, AND COASTAL STEEL ERECTORS, INC., A CORPORATION

No. 7

(Filed 10 October 1974)

1. Appeal and Error § 68— interlocutory decision — law of case in subsequent proceeding

An interlocutory decision of the Court of Appeals did not constitute the law of the case on review by the Supreme Court of a subsequent decision in the same case.

2. Appeal and Error §§ 22, 68— interlocutory order — no petition for certiorari — effect on subsequent proceedings

Failure of plaintiff to petition for a writ of certiorari to review an interlocutory decree of the Court of Appeals does not preclude the Supreme Court from granting certiorari after final judgment and thereupon considering and rectifying any errors which occurred at any stage of the proceedings.

3. Appearance § 2; Rules of Civil Procedure § 12— general appearance — lack of jurisdiction over person — waiver

Defendants who were South Carolina residents clearly became subject to the jurisdiction of the North Carolina courts when they made a general appearance by obtaining an extension of time to answer or otherwise plead.

Chief Justice BOBBITT not sitting.

ON *certiorari.*

Plaintiff, a North Carolina corporation with its principal office and place of business in Mecklenburg County, filed this action on 3 March 1971 for damages allegedly due from defendants for violation of the provisions of an equipment lease entered into by the parties. Summons issued on the same date, and copies of both the summons and complaint were served on defendants in South Carolina by a deputy sheriff of Berkeley County, South Carolina, on 11 May 1971. Upon request of counsel for defendants, the Clerk of Superior Court of Mecklenburg County, by order of 7 June 1971, ordered an enlargement of time "within which the defendants must file answers, motions or other pleadings."

On 12 July 1971, defendants moved to dismiss the action under G.S. 1A-1, Rule 12(b)(2), for that defendants were residents of South Carolina and therefore no grounds for *in personam* jurisdiction existed. Plaintiffs contested this motion on two grounds: (1) Defendants made a general appearance by requesting and obtaining an enlargement of time in which to file responsive pleadings, motions or other pleadings, and (2) the Superior Court had jurisdiction over defendants under G.S. 55-145(a)(1) and G.S. 1-75.4(5) a. and c. Judge Friday denied the motion on the ground that defendants waived the right to object by obtaining the enlargement of time. Defendants appealed.

The Court of Appeals, by decision filed 24 May 1972, reversed the ruling of the trial court and held that the obtaining of an enlargement of time did not constitute a waiver of the defense of lack of *in personam* jurisdiction. The Court of Appeals, however, declined to dismiss the action and remanded to the Superior Court of Mecklenburg County for a determination as to whether *in personam* jurisdiction existed under G.S. 55-145(a)(1) and G.S. 1-75.4(5) a. and c. *Leasing, Inc. v. Brown*, 14 N.C. App. 383, 188 S.E. 2d 574. Neither plaintiff nor defendant sought review of this decision of the Court of Appeals.

On remand, at the 2 January 1973 "C" Civil Session of Mecklenburg Superior Court, Judge Snepp, after receiving affidavits and interrogatories, dismissed this action for lack of sufficient minimum contacts with the State of North Carolina to establish *in personam* jurisdiction. Plaintiff appealed.

Leasing, Inc. v. Brown

On appeal, the Court of Appeals affirmed the determination of the trial court. *Leasing, Inc. v. Brown,* 19 N.C. App. 295, 198 S.E. 2d 583. On 8 May 1974, we allowed plaintiff's petition for writ of *certiorari.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & and Preston, by Gaston H. Gage, for plaintiff appellant.*

*No counsel contra.*

BRANCH, Justice.

Prior to the Judicial Department Act of 1965, which, *inter alia,* established the Court of Appeals, it was well established in this jurisdiction that questions actually presented and determined on a former appeal became the law of the case and became binding on this Court and the trial courts when the same facts were subsequently presented in the cause at trial or on appeal. *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Bruce v. Flying Service,* 234 N.C. 79, 66 S.E. 2d 312; *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864. Accord: *Pulley v. Pulley,* 256 N.C. 600, 124 S.E. 2d 571; *Stamey v. Membership Corp.,* 249 N.C. 90, 105 S.E. 2d 282; *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482.

[1] We recognize that the introduction of the Court of Appeals into the appellate scheme of this State adds a new dimension which we have not heretofore considered. We must therefore decide whether an interlocutory decision of the Court of Appeals constitutes the law of the case on review by this Court of a subsequent decision in the same case.

The various jurisdictions which have considered this question have differed. There appear to be six states whose highest courts have clearly held that the prior decision of the intermediate court becomes the law of the case. *R. O. A. Motors, Inc. v. Taylor,* 220 Ga. 122, 137 S.E. 2d 459; *South Bend Home Tel. Co. v. Beaning,* 181 Ind. 586, 105 N.E. 52; *Clore v. Davis,* 19 Ky. L. Rptr. 353, 40 S.W. 380; *Huntington v. Westerfield,* 119 La. 615, 44 So. 317; *Chandler v. Lafferty,* 282 Pa. 550, 128 A. 507; *Life & Cas. Ins. Co. v. Jett,* 175 Tenn. 295, 133 S.W. 2d 997. Nine other states, however, have held that such prior decisions do not become the law of the case and thereby bind the court of last resort. *City of Pueblo v. Shutt Inv. Co.,* 28 Colo. 524, 67 P. 162; *Weiner v. Pictorial Paper Package Corp.,* 303 Mass. 123, 20 N.E. 2d 458; *Jones v. Keetch,* 388 Mich. 164, 200

N.W. 2d 227; *Orleans Dredging Co. v. Frazie*, 179 Miss. 188, 173 So. 431; *Grant v. Kansas City Southern Ry.*, 190 S.W. 586 (Mo.); *New Amsterdam Cas. Co. v. Popovich*, 18 N.J. 218, 113 A. 2d 666; *Walker Mem. Baptist Church, Inc. v. Saunders*, 285 N.Y. 462, 35 N.E. 2d 42; *Pengelly v. Thomas*, 151 Ohio St. 51, 84 N.E. 2d 265; *Roach v. Los Angeles & S.L.R.R.*, 74 Utah 545, 280 P. 1053. The State of Illinois has taken a still different position, that when the intermediate appellate decision is not reviewable on appeal by the State Supreme Court, such decision is not the law of the case. *Linington v. Strong*, 111 Ill. 152. Conversely, if the decision is reviewable by the Supreme Court, and appeal is not taken, the intermediate decision apparently becomes law, binding even the State Supreme Court on subsequent appeal. See *Henning v. Eldridge*, 146 Ill. 305, 33 N.E. 754. The strength of this intermediate position is diminished by a more recent pronouncement of the Illinois court on the subject, which, without expressly overruling prior cases, simply states that the law of the case doctrine is not applicable to the Supreme Court when it reviews the decision of the intermediate appellate court. *Sjostrom v. Sproule*, 33 Ill. 2d 40, 210 N.E. 2d 209.

The California court, one of the most rigid adherents of the strict law of the case view that even a court of last resort is bound by intermediate decision, has more recently indicated a less inflexible position. See *Tomaier v. Tomaier*, 23 Cal. 2d 754, 146 P. 2d 905; *Allen v. California Mut. Bldg. & Loan Ass'n*, 22 Cal. 2d 474, 139 P. 2d 321.

The federal courts have consistently followed the view that prior decisions of intermediate appellate courts, state or federal, cannot bind the Supreme Court of the United States upon a subsequent appeal. *Davis v. O'Hara*, 266 U.S. 314, 45 S.Ct. 104, 69 L.Ed. 303; *Diaz v. Patterson*, 263 U.S. 399, 44 S.Ct. 151, 68 L.Ed. 357; *Zeckendorf v. Steinfeld*, 225 U.S. 445, 32 S.Ct. 728, 56 L.Ed. 1156; *Messenger v. Anderson*, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; *Galigher v. Jones*, 129 U.S. 193, 9 S.Ct. 335, 32 L.Ed. 658; *Williams v. Conger*, 125 U.S. 397, 8 S.Ct. 933, 31 L.Ed. 778. This federal holding has particular efficacy with regard to interlocutory orders. A situation strikingly similar to the situation presented in the instant case was presented in *United States v. United States Smelting, Refining & Mining Co.*, 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750. In that case, a three-judge federal district court held that certain orders of the Interstate Commerce Commission were not supported by the

evidence and enjoined enforcement of the orders. The order of the district court, although interlocutory, was explicitly made appealable by 28 U.S.C. § 1253, but the Commission did not appeal. Instead, upon remand, it took no further evidence but restated essentially the same grounds for its action and entered cease and desist orders. On a second appeal to the three-judge court, that court again held the orders unlawful and permanently enjoined their enforcement. The Commission and the United States appealed, and the Supreme Court of the United States reversed. The appellees contended, *inter alia,* that the judgment of the district court should be affirmed because there was no appeal from the first judgment and mandate of the three-judge court. The Court, rejecting this contention, stated in part:

> "The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter. [Citations omitted.] It is not applicable here because when the case was first remanded, nothing was finally decided. The whole proceeding thereafter was in fieri. The Commission had a right on reconsideration to make a new record. [Citations omitted.] When finally decided, all questions were still open and could be presented. The fact that an appeal could have been taken from the first order of the District Court was not because it was a final adjudication but because a temporary injunction had been granted in order to maintain the status quo. This was an interlocutory order that was appealable because Congress, notwithstanding its interlocutory character, had made it appealable. . . . The appellants might have appealed, but they were not bound to. We think that it requires a final judgment to sustain the application of the rule of the law of the case just as it does for the kindred rule of res judicata. [Citations omitted.] And although the latter is a uniform rule, the 'law of the case' is only a discretionary rule of practice. It is not controlling here. [Citations omitted.]"

We are of the opinion that the better reasoned rule is that one adopted by the federal courts and a majority of the other jurisdictions which have considered the question. We therefore hold that the prior decision of the Court of Appeals in this case, filed 24 May 1972, does not constitute the law of the case so as to bind this Court.

[2]   Although not argued by either party to this appeal, the crucial question presented by the appeal is whether plaintiff lost its right to further review by reason of its failure to petition for writ of certiorari to review the initial decision of the Court of Appeals.

Plaintiff could not appeal as a matter of right from the initial decision of the Court of Appeals. G.S. 7A-27(a); G.S. 7A-30. Thus, the source for further review was the discretionary authority vested in this Court by G.S. 7A-31, which provides in pertinent part:

> "(a)  In any cause in which appeal has been taken to the Court of Appeals, except a cause appealed from the North Carolina Utilities Commission or the North Carolina Industrial Commission, and except a cause involving review of a post-conviction proceeding under article 22, chapter 15, the Supreme Court may in its discretion, on motion of any party to the cause or on its own motion, certify the cause for review by the Supreme Court, either before or after it has been determined by the Court of Appeals. . . .

> \*      \*      \*

> "(c)  In causes subject to certification under subsection (a) of this section, certification may be made by the Supreme Court after determination of the cause by the Court of Appeals when in the opinion of the Supreme Court

> (1)  The subject matter of the appeal has significant public interest, or

> (2)  The cause involves legal principles of major significance to the jurisprudence of the State, or

> (3)  The decision of the Court of Appeals appears likely to be in conflict with a decision of the Supreme Court.

> Interlocutory determinations by the Court of Appeals, including orders remanding the cause for a new trial or for other proceedings, shall be certified for review by the Supreme Court only upon a determination by the Supreme Court that failure to certify would cause a delay in final adjudication which would probably result in substantial harm."

The second paragraph of our Supplementary Rule 2(a) contains language identical to the last-quoted paragraph. The rule also further provides in relevant part:

> "A petition for writ of certiorari filed under subsection (a) of this rule shall be filed within fifteen days after the date of the certification to the trial tribunal of the determination of the Court of Appeals; in all other respects Rule 34 of the Rules of Practice in the Supreme Court shall apply."

The rules do not provide an answer to this question of first impression in this jurisdiction. However, we do find guidance in the decisions of other courts.

In *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.*, 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629, this question was considered, and the Court stated:

> "It is contended that this question is settled otherwise, at least as between these parties, by the decision of the circuit court of appeals on the first appeal, and our refusal to review that decision upon complainant's petition for a writ of certiorari, and that the only questions open for review at this time are those that were before the court of appeals upon the second appeal. This, however, is based upon an erroneous view of the nature of our jurisdiction to review the judgments and decrees of the circuit court of appeals by certiorari. . . . As has been many times declared, this is a jurisdiction to be exercised sparingly, and only in cases of peculiar gravity and general importance, or in order to secure uniformity of decision. [Citations omitted.] And, except in extraordinary cases, the writ is not issued until final decree. . . .

> "It is, of course, sufficiently evident that the refusal of an application for this extraordinary writ is in no case equivalent to an affirmance of the decree that is sought to be reviewed. And, although in this instance the interlocutory decision may have been treated as settling 'the law of the case' so as to furnish the rule for the guidance of the referee, the district court, and the court of appeals itself upon the second appeal, this court, in now reviewing the final decree by virtue of the writ of certiorari, is called upon to notice and rectify any error that may have occurred in the interlocutory proceedings. [Citations omitted.]"

The United States Supreme Court again considered the same question in *Mercer v. Theriot*, 377 U.S. 152, 84 S.Ct. 1157, 12 L.Ed. 2d 206. There the court held that, notwithstanding the fact that the Supreme Court had previously denied certiorari to review the judgment of the court of appeals remanding the case to the district court, the United States Supreme Court, in reviewing the judgment of the court of appeals, could consider questions raised on the first as well as the second appeal to the court of appeals. Accord: *Reese v. Georgia*, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77; *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; *Toledo Co. v. Computing Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719.

This Court considered a closely related question in *Peaseley v. Coke Co.*, 282 N.C. 585, 194 S.E. 2d 133. The Court of Appeals had, on a first appeal, reversed the granting of the defendant's motion for involuntary nonsuit. *Peaseley v. Coke Co.*, 5 N.C. App. 713, 169 S.E. 2d 243. This Court denied *certiorari*, 275 N.C. 596. On remand, the trial court granted summary judgment for the plaintiff on the question of liability but retained the issue of damages for jury determination. The defendant appealed to the Court of Appeals, which affirmed, 12 N.C. App. 226, 182 S.E. 2d 810. We again denied *certiorari*, 279 N.C. 512, 183 S.E. 2d 688. Subsequently the Superior Court entered summary judgment for plaintiff on the question of damages. The Court of Appeals affirmed, 15 N.C. App. 709, 190 S.E. 2d 690. This Court allowed *certiorari*, 282 N.C. 304, 192 S.E. 2d 195. The decision of this Court, in an opinion by Justice Moore, made clear that, where there has been previous denial of *certiorari* by this Court, followed by the later granting of *certiorari* to review the same case, this Court could proceed to review questions raised and preserved throughout the proceedings:

"Under our general supervisory power, we could review the entire record, but in the present case defendant in its petition for *certiorari* to this Court assigned as error decisions of the trial court and of the Court of Appeals throughout the course of the litigation and preserved these assignments by arguments or citation of authorities in its brief filed in this Court. Under these facts we hold that the previous denials of *certiorari* do not constitute approval of either the reasoning or the merits of the prior decisions of the Court of Appeals. On the present petition this Court may review the entire proceedings and consider any errors

which have occurred during the course of the litigation provided the parties have taken the proper steps to preserve the questions for appellate review."

The narrow difference in this line of cases and the case now before us is that here, *plaintiff failed to petition for certiorari from the initial decision.* That failure, however, does not prevent its presently raising the prior question. In *Panama R. R. v. Napier Shipping Co.,* 166 U.S. 280, 17 S.Ct. 572, 41 L.Ed. 1004, the Supreme Court of the United States dealt with a strikingly similar situation. In that admiralty case, the district court dismissed the libel. The libelant, in accordance with the federal appellate structure as it then existed, appealed to the circuit court, which affirmed. He then appealed again to the circuit court of appeals, which reversed and remanded the cause to the circuit court for the determination of damages. The libelee did not seek further review. Damages were assessed, and the libelee appealed. The circuit court affirmed, and the Supreme Court of the United States granted the libelee's petition for *certiorari.*

Upon review by the Supreme Court, the libelant claimed that the Court was limited to a review of the damages question only. The Court emphatically rejected such a contention:

" . . . While this writ begins with a recital that 'there is now pending' in the circuit court of appeals 'a suit in which,' etc., we think it is giving it too narrow a construction to hold that it was intended to bring before this court only the question of damages then pending before the circuit court of appeals, particularly in view of the fact that the petition for the writ of certiorari set forth the facts of the case, and claimed that upon those facts the libel should have been dismissed—making no claim whatever that error had been committed in the assessment of damages. A difference of opinion existed in the court below upon the question of liability, and the writ was granted to review the whole case as on appeal from the second decree of the circuit court, which was contrary to its first decree, and was entered in obedience to the direction of the court of appeals.

"If, under such circumstances, this court were powerless to examine the whole case upon certiorari, we should then be compelled to issue it before final decree, whereas . . . it is and generally should be issued only after a final

decree. . . . But while the court of appeals may have been limited on the second appeal to questions arising upon the amount of damages, no such limitation applies to this court, when, in the exercise of its supervisory jurisdiction, it issues a writ of certiorari to bring up the whole record. Upon such writ the entire case is before us for examination."

Decisions of state courts also support this view. *See McLaughlin v. Hahn,* 333 Ill. 83, 164 N.E. 148; *Weiner v. Pictorial Paper Package Corp.,* 303 Mass. 123, 20 N.E. 2d 458. *See also Thornton v. St. Paul & Chicago R. R.,* 6 Daly 511 (N.Y. Com. P.).

Charles A. Wright in his treatise (C. Wright, Law of Federal Courts, § 106 at 477 (2d. ed.) ), states the rule succinctly, as follows:

"A party is not required to petition for certiorari to review the interlocutory order, *and the fact that he did not petition,* or that his petition was denied, does not bar the court from granting certiorari after final judgment in the case and then considering the supposedly erroneous interlocutory order." (Emphasis ours.)

In this case the decree in the initial case by the North Carolina Court of Appeals was obviously not a final one, and the interlocutory judgment which remanded the cause to the Superior Court of Mecklenburg County for a new trial did not result in such delay as would result in substantial harm to plaintiff; neither was the decision of major significance to the jurisprudence of the State; nor did the decision clearly appear to be in conflict with the decisions of this Court since we had not construed Rule 12 of the new Rules of Civil Procedure at that time.

The North Carolina General Statute, § 7A-31, which grants to this Court discretionary powers of review, is a sweepingly broad statute which, in part, provides that this Court "may in its discretion on motion of any party to the cause or on its own motion, certify the cause for review by the Supreme Court, either before or after it had been determined by the Court of Appeals." To *require* a party to petition for a writ of *certiorari* from an adverse interlocutory decree in order to preserve his right to review of the question after final judgment would encourage fragmentary appeals, a practice long condemned by this Court, and would impose an additional and useless burden upon the appellate court system. The broad powers of review granted

to this Court should not be encumbered by such a procedural requirement.

We are advertent to the language in *Peaseley v. Coke Co., supra,* to the effect that the Court may review the entire proceedings and consider any errors which have occurred during the course of the litigation, provided that *the parties have taken the proper steps to preserve the questions for appellate review.* In instant case plaintiff timely filed its petition for a writ of *certiorari* requesting review of the *final judgment* and by that petition assigned as error the rulings of the Court of Appeals in the interlocutory proceedings and the final judgment. In its brief, plaintiff preserved its assignments of error by ample citation of authority and lucid argument. Plaintiff was not *required* to petition for *certiorari* to review the interlocutory decree, and in our opinion it has taken the proper steps to preserve for review the entire proceedings.

We hold that the failure of plaintiff to petition for a writ of *certiorari* to review the interlocutory decree of the Court of Appeals does not preclude this Court from granting *certiorari* after final judgment and thereupon considering and rectifying any errors which occurred at any stage of the proceedings.

Having decided that plaintiff has preserved its right to further review and that this Court is not bound by any prior determination of the Court of Appeals in this case, we now turn to the holding of the Court of Appeals in the initial, interlocutory decision to the effect that defendant did not waive the defense of lack of jurisdiction over his person when he requested an enlargement of time under Rule 6(b).

In *Simms v. Stores, Inc.,* 285 N.C. 145, 203 S.E. 2d 769 (filed 10 April 1974), after construing Rule 12 of the North Carolina Rules of Civil Procedure and G.S. 1-75.7, we held that "by securing an extension of time in which to answer or otherwise plead, defendant made a general appearance which rendered service of summons upon it unnecessary."

[3] In light of the holding in *Simms,* it is not necessary to consider the question of whether defendant had minimum contacts in North Carolina sufficient to confer jurisdiction upon the courts of this State. Under that holding defendant clearly became subject to the jurisdiction of the North Carolina courts when he obtained an extension of time to answer or otherwise plead.

The decision of the Court of Appeals, filed in this cause 24 May 1972, is reversed, and the decision of the Court of Appeals, filed in this cause 29 August 1973, is vacated. The cause is remanded to the Court of Appeals with direction that it remand to the Superior Court of Mecklenburg County for proceedings consistent with this opinion.

Remanded with directions.

Chief Justice BOBBITT not sitting.